# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>CHRISTOPHER LEE CUNGTION, JR.,<br><br>    Defendant. | Case No. 20-cr-100-CJW<br><br>**ORDER CONTINUING TRIAL** |

Before the Court is Defendant's Motion to Continue Trial and All Trial Related Deadlines, and Pretrial Motions Deadline (Unresisted). (Doc. 19.) Trial is currently scheduled for July 6, 2021. The Government does not resist this motion.

"District courts are afforded broad discretion when ruling on requests for continuances, but [c]ontinuances generally are not favored and should be granted only when the party requesting one has shown a compelling reason." *United States v. Jirak*, 728 F.3d 806, 815 (8th Cir. 2013) (quoting *United States v. Cotroneo*, 89 F.3d 510, 514 (8th Cir. 1996)) (internal quotes omitted). "In determining whether to grant a continuance, the trial judge must balance the asserted need for the continuance against the hardship of the resulting delay, and should also consider the complexity of the case, the diligence of the party requesting a continuance, and the conduct of the opposing party." *United States v. Farlee*, 757 F.3d 810, 821 (8th Cir. 2014), *cert. denied*, 135 S. Ct. 504 (2014) (citing *United States v. Coronel–Quintana,* 752 F.2d 1284, 1287–88 (8th Cir. 1985)). When balancing the foregoing factors, the court may also consider: "whether a delay will seriously disadvantage either party," potential prejudice to Defendant, and how the continuance weighs against Defendant's interest in a speedy trial.

1

*See* Speedy Trial Act of 1974, 18 U.S.C. § 3161(h)(1)-(7) (2016) (stating when a continuance is "excludable" from the time allotted for a Speedy Trial); *see also United States v. Moe*, 536 F.3d 825, 831 (8th Cir. 2008); *United States v. Roberts*, 787 F.3d 1204, 1212 (8th Cir. 2015); *United States v. Dunn*, 723 F.3d 919, 928 (8th Cir. 2013). "Because this balancing requires familiarity with the parties and particular circumstances of the case, the trial court retains broad discretion to grant a continuance." *Farlee*, 757 F.3d 810 at 821 (citing *Morris v. Slappy*, 461 U.S. 1, 11, (1983)).

In the instant case, the Court finds the reasons advanced by Defendant for the continuance serve the ends of justice and outweigh the interests of the public and Defendant's right to a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). Accordingly, for good cause shown, the motion to continue trial is **granted.** The trial of this cause scheduled for July 6, 2021, is hereby **continued to commence during the two-week period beginning on September 7, 2021**.[1] The non-trial related motions deadline is continued to June 21, 2021. Further, for the reasons set forth above, the time from the date of the motion to the time of trial is excluded for purposes of the Speedy Trial Act. *Id*.

**IT IS SO ORDERED** this 2nd day of June, 2021.

Mark A. Roberts, United States Magistrate Judge
Northern District of Iowa

---

[1] The time frames and plea hearing deadline requirements established in the trial management order at Doc. 16 continue to govern this case, but now with the new trial date scheduled to commence during the two-week period beginning September 7, 2021, substituted, the time frames now attach to the new trial date scheduled.