1                   IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF IOWA
2

3    UNITED STATES OF AMERICA,    )
                                  )
4                 Plaintiff,      )
                                  )
5        VS.                      )     20-CR-100
                                  )
6    CHRISTOPHER CUNGTION, JR.,   )
                                  )
7                 Defendant.      )

8

9                        APPEARANCES:

10   ATTORNEY DILLAN EDWARDS, U.S. Attorney's Office,
     111 Seventh Avenue S.E., Box 1, Cedar Rapids, Iowa 52401,
11   appeared on behalf of the United States.

12   ATTORNEY JILL M. JOHNSTON, Federal Public Defender's
     Office, 222 Third Avenue S.E., Suite 290, Cedar Rapids,
13   Iowa 52401, appeared on behalf of the Defendant.

14

15                   SENTENCING HEARING,

16             HELD BEFORE THE HON. C.J. WILLIAMS,

17   on the 16th day of March, 2022, at 111 Seventh Avenue

18   S.E., Cedar Rapids, Iowa, commencing at 2:58 p.m., and

19   reported by Patrice A. Murray, Certified Shorthand

20   Reporter, using machine shorthand.

21   Transcript Ordered:  3/30/22
     Transcript Completed:  4/6/22
22

23                   Patrice A. Murray, CSR, RMR, FCRR
                           Court Reporter
24                         PO Box 10541
                       Cedar Rapids, Iowa 52410
25                  PAMurrayReporting@gmail.com

*Contact Patrice Murray at PAMurrayReporting@gmail.com*
*for a complete copy of the transcript.*
Case 1:20-cr-00100-CJW-MAR   Document 63   Filed 04/06/22   Page 1 of 40

1                           <u>INDEX</u>

2     <u>EXHIBITS</u>                                           <u>PAGE</u>

3      Exhibits A through G                                      8

4                             * * * * *

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

*Contact Patrice Murray at PAMurrayReporting@gmail.com*
*for a complete copy of the transcript.*

1    (The following proceedings were held in open court.)

2    THE COURT:  The matter now before the Court is

3    United States of America versus Christopher Lee Cungtion,

4    Jr., Criminal Case Number 20-CR-100.  This matter comes

5    on for a sentencing hearing.  The United States is

6    represented by Assistant United States Attorney Dillan

7    Edwards.  The defendant is personally present and

8    represented by Assistant Federal Public Defender Jill

9    Johnston.  Also present in the courtroom is Jessica

10   Clark.  She is the United States Probation Officer --

11   Senior United States Probation Officer who authored the

12   presentence investigation report filed at document number

13   41 in the court's file.

14   On August 19, 2021, the defendant pled guilty to

15   Count 1 of a one-count indictment charging him with

16   possession of a firearm by a felon.  This was in

17   violation of Title 18 United States Code Sections

18   922(g)(1) and 924(a)(2).  By statute that crime is

19   punishable by up to 10 years in prison without the

20   possibility of parole.  After the defendant has served

21   his prison sentence, the Court can place him on a term of

22   supervised release for up to 3 years.  Probation is an

23   option; and were the Court to impose probation, it would

24   be for a term of 1 to 5 years.  The Court can impose a

25   fine of up to $250,000.  And the Court must impose a

*Contact Patrice Murray at PAMurrayReporting@gmail.com*
*for a complete copy of the transcript.*
Case 1:20-cr-00100-CJW-MAR   Document 63   Filed 04/06/22   Page 3 of 40

1  mandatory special assessment of $100.

2      Mr. Edwards, on behalf of the United States, have

3  you had a full and fair opportunity to review this

4  presentence report?

5          MR. EDWARDS:  Yes, Your Honor.

6          THE COURT:  And does the government have any

7  objections to the calculation of the advisory guidelines

8  or anything else in the report?

9          MR. EDWARDS:  No, Your Honor.

10         THE COURT:  All right.  Thank you.

11     Ms. Johnston, on behalf of Mr. Cungtion, have you

12 and your client had a full and fair opportunity to review

13 this report.

14         MS. JOHNSTON:  We have, Your Honor.

15         THE COURT:  When I went through it, I noted

16 that he has some objections.  I saw objections at

17 paragraph 10, having to do with the enhancement for

18 possessing the firearm in connection with another felony

19 offense; objections at paragraphs 22, 23, 29, 31, 34, 35,

20 36, and 37, having to do with criminal history, although

21 I note that the probation office deleted paragraph 23 in

22 response to your objection; at paragraph 40 and 42,

23 having to do with criminal history computation; at

24 paragraph 43, having to do with other criminal conduct;

25 at 44, other pending charges; and at 45, other arrests.

*Contact Patrice Murray at PAMurrayReporting@gmail.com*
*for a complete copy of the transcript.*
Case 1:20-cr-00100-CJW-MAR   Document 63   Filed 04/06/22   Page 4 of 40

     1          First of all, have I identified all the objections

     2     the defendant has to his presentence report?

     3               MS. JOHNSTON:  You have, Your Honor.

     4               THE COURT:  Can you make a brief record of how

     5     you went through this report with your client?

     6               MS. JOHNSTON:  Yes, Your Honor.  Both versions

     7     of the report were sent to Mr. Cungtion, and I then met

     8     with him.  I went through the draft report with him

     9     paragraph by paragraph.  We also discussed the final

    10     report.  We lodged objections to the draft report, and,

    11     as the Court knows, after the fact, then I did seek

    12     permission to file a late objection, so we did do that.

    13     But, ultimately, Mr. Cungtion did get both copies of the

    14     report and we went through them together.

    15               THE COURT:  Very good.  I will note the late

    16     objection was filed at document 45, and the Court was

    17     aware of that.  Thank you.

    18          Mr. Cungtion, did you have an opportunity to go

    19     through this report on your own, sir?

    20               THE DEFENDANT:  Yes, Your Honor.

    21               THE COURT:  Do you feel like you've had

    22     sufficient time to talk about this report with

    23     Ms. Johnston?

    24               THE DEFENDANT:  Yes, Your Honor.

    25               THE COURT:  Whenever you spoke with

*Contact Patrice Murray at PAMurrayReporting@gmail.com*
*for a complete copy of the transcript.*
Case 1:20-cr-00100-CJW-MAR   Document 63   Filed 04/06/22   Page 5 of 40

1  Ms. Johnston about this report, was she able to answer

2  any questions you had about it?

3          THE DEFENDANT:  She was, Your Honor.

4          THE COURT:  Do you have any questions today

5  about this report?

6          THE DEFENDANT:  I do not.

7          THE COURT:  All right.  Let's turn then first

8  to the calculation of the advisory guidelines as

9  determined by the probation office.  That calculation is

10 set out beginning at paragraph 5.  At paragraph 9, the

11 defendant -- I'm sorry, the probation office found the

12 defendant had a base offense level of 20.  This is under

13 guideline section 2K2.1(a)(4)(A) and based on the fact

14 that he was a prohibited person and committed the offense

15 subsequent to sustaining a felony conviction of either a

16 crime of violence or a controlled substance offense.

17     At paragraph 10 the probation office assessed the

18 defendant with a 4-level enhancement under guideline

19 section 2K2.1(b)(6)(B), for possession of the firearm in

20 connection with another felony offense.  The felony

21 offense identified by probation was carrying weapons in

22 violation of Iowa Code Section 724.4(1).  That provides

23 us with an adjusted offense level of 24.

24     The defendant has pled guilty to this offense, and

25 so the probation office awarded him with a 2-level

*Contact Patrice Murray at PAMurrayReporting@gmail.com*
*for a complete copy of the transcript.*
Case 1:20-cr-00100-CJW-MAR   Document 63   Filed 04/06/22   Page 6 of 40

1   reduction for acceptance of responsibility under

2   guideline section 3E1.1(a).  Mr. Edwards, what is the

3   government's position about whether the defendant should

4   receive an additional 1-level reduction for acceptance

5   under guideline section 3E1.1(b)?

6           MR. EDWARDS:  The United States moves for the

7   third level, Your Honor.

8           THE COURT:  The Court grants that motion.  So

9   with 3 levels off for acceptance of responsibility, the

10  defendant's total offense level would be 21.  The

11  defendant has some criminal history, which the probation

12  office has summarized and scored beginning at paragraph

13  19 and carrying over to paragraph 42.  The defendant's

14  prior convictions have resulted in, according to the

15  probation office, 9 criminal history points.  The

16  defendant committed the instant offense while he was

17  under a criminal justice sentence, so 2 additional points

18  were added under guideline section 4A1.1(d).  That

19  provides him with a total of 11 criminal history points,

20  and places him in criminal history category V.  So with a

21  total offense level of 21, criminal history category V,

22  the advisory guideline range of imprisonment is 70 to

23  87 months.

24      In preparation for today's hearing, I have reviewed

25  in detail, of course, this presentence investigation

*Contact Patrice Murray at PAMurrayReporting@gmail.com*
*for a complete copy of the transcript.*
Case 1:20-cr-00100-CJW-MAR   Document 63   Filed 04/06/22   Page 7 of 40

1  report.  I've also reviewed the parties' pleadings.  At

2  document number 48, the defendant filed a sentencing

3  memorandum and a motion for a downward variance, and

4  attached Exhibits A through G.  Ms. Johnston, are you

5  moving those exhibits into evidence?

6          MS. JOHNSTON:  I am, Your Honor; and I would

7  ask that Exhibit D be under seal.

8          THE COURT:  Any objection?

9          MR. EDWARDS:  No, Your Honor.

10          THE COURT:  Exhibits A through G will be

11  admitted, and D will be filed under seal.

12     (Whereupon, Exhibits A through G were received.)

13          THE COURT:  The government then filed a

14  sentencing memorandum at document number 50.  And then

15  the Court allowed the defendant to file a pro se

16  sentencing memorandum at document number 53.

17     Mr. Edwards, have I identified all the relevant

18  pleadings, documents, and exhibits pertinent to today's

19  hearing?

20          MR. EDWARDS:  Yes, Your Honor.

21          THE COURT:  And, Ms. Johnston, do you agree?

22          MS. JOHNSTON:  Yes, Your Honor.

23          THE COURT:  All right.  There are disputed

24  guideline issues here, and then, I believe I need to take

25  up a matter with the parties on a sealed record later,

*Contact Patrice Murray at PAMurrayReporting@gmail.com*
*for a complete copy of the transcript.*
Case 1:20-cr-00100-CJW-MAR   Document 63   Filed 04/06/22   Page 8 of 40

```
 1   but let's go through and address the guideline disputed
 2   issues first.  I'll rule on those, and then we'll take up
 3   the matter on -- that I have to talk with the parties
 4   about after that.
 5        The defendant has objected to the 4-level
 6   enhancement at paragraph 10, as I noted, and has also
 7   objected to the criminal history calculation here.  The
 8   burden is on the government here, so I'll hear first from
 9   Mr. Edwards about this, and then I'll hear from
10   Ms. Johnston, and then I'll rule on those matters, and
11   then we'll move on to other matters.
12        So, Mr. Edwards, I'm happy to hear from you now.
13            MR. EDWARDS:  Thank you, Your Honor.  As set
14   forth in our brief, the United States versus Walker
15   controls, and it's binding when talking about the offense
16   of carrying weapons.  The defendant argues that because
17   the Iowa carrying weapons statute has been amended, it,
18   therefore, should not apply as another felony offense.
19   The Eighth Circuit has made clear, the language of
20   "another felony offense" is the text in effect when the
21   defendant committed the conduct.  Since the Iowa
22   weapons -- the Iowa carrying weapons statute was still in
23   effect at the defined time the defendant committed this
24   act, the government argues that the 4-level enhancement
25   is appropriate.  Thank you, Your Honor.
```

*Contact Patrice Murray at PAMurrayReporting@gmail.com*
*for a complete copy of the transcript.*
Case 1:20-cr-00100-CJW-MAR   Document 63   Filed 04/06/22   Page 9 of 40

```
 1          THE COURT:  Thank you.

 2      Ms. Johnston.

 3      Well, actually, let me back up a second.

 4  Mr. Edwards, I also want to hear from you regarding the

 5  criminal history calculation.  The defendant has objected

 6  to the points assessed at paragraph 35.  That was covered

 7  in your brief as well, and I'm happy to rely on your

 8  brief unless you have something else you want to add.

 9          MR. EDWARDS:  Just briefly, Your Honor.  As the

10  brief notes, the government is conceding the intimidation

11  with a dangerous weapon; however, the willful injury

12  resulting in a bodily injury is a crime of violence.

13  This case -- or the defendant's arguments are foreclosed

14  by United States versus Clark.  Defendant argues that

15  Borden has overruled Clark; however, Borden deals with a

16  different issue than what Clark dealt with.  And the text

17  of the willful injury statute makes clear that the issue

18  concerning Borden, which is that whether mens -- the mens

19  rea of recklessness cannot constitute a violent felony.

20  Here, the mens rea of recklessness, you can't have that

21  mens rea and still be found guilty of the willful injury.

22  And so the government relies upon the Clark case.

23      Thank you, Your Honor.

24          THE COURT:  Thank you.

25      Ms. Johnston, I'll hear from you now.
```

*Contact Patrice Murray at PAMurrayReporting@gmail.com*
*for a complete copy of the transcript.*
Case 1:20-cr-00100-CJW-MAR   Document 63   Filed 04/06/22   Page 10 of 40

1          MS. JOHNSTON:  Thank you, Your Honor.

2   Regarding the carrying weapons enhancement, my arguments

3   are the same that I've made before this Court many, many

4   times.  It's our position that, first of all, application

5   of the enhancement effectively amounts to

6   double-counting, which has been recognized by a different

7   circuit.  However, we do acknowledge that *Walker* is

8   binding precedent on this Court.  I would also point out

9   though that it is our position that at -- essentially,

10  that the time of sentencing rule should govern here, and

11  that the Court should apply the law that is in effect at

12  the time of sentencing, which, of course, is now Iowa's

13  amended carrying weapons statute.  And under the new

14  version of the statute, Mr. Cungtion would not be --

15  would not violate the statute.  And so for those reasons,

16  we are asking that you not apply the plus 4 for carrying

17  weapons.

18          As Mr. Edwards said, the government has conceded

19  that in Mr. Cungtion's case, his case, that intimidation

20  with a dangerous weapon is not a crime of violence, so

21  I'm not going to address that and I'll just simply rely

22  on my arguments in my brief.

23          As for willful injury, I am going to rely on the

24  arguments in the brief as well.  I would point out,

25  however, that the *Rice* case did recognize that causation

*Contact Patrice Murray at PAMurrayReporting@gmail.com*
*for a complete copy of the transcript.*
Case 1:20-cr-00100-CJW-MAR   Document 63   Filed 04/06/22   Page 11 of 40

of injury statutes satisfy the force clause, but it's our
position that *Borden* rejected *Rice,* and since *Clark*
relied on *Rice*, it's our position that *Clark* is no longer
good law either.  And under the willful injury section
that Mr. Cungtion was convicted under, we need an act
plus causation of bodily injury for the class D willful.
And we do not believe that statutes that require a
causation of injury qualify as crimes of violence; and,
therefore, we don't believe that Mr. Cungtion should get
criminal history points for the willful injury or the
intimidation with a dangerous weapon, which would then
drop him down a criminal history category to category IV.

THE COURT:  All right.  Thank you.

Regarding, first of all, the 4-level enhancement for
possession of a firearm in connection with another felony
offense, I overrule the defendant's objection to that
4-level enhancement.  My position has been consistent on
this.  First, I don't find it to be double-counting.  I
agree with the analysis of the Eighth Circuit in *Walker.*
And even if I didn't, *Walker* is binding on me regardless.
As far as applying the law as it exists today or the law
as it existed at the time the defendant committed the
offense, the -- as the defendant acknowledges, the Eighth
Circuit Court of Appeals, in dicta, in *Merrett* found that
what matters is the text of the statute at the time the

*Contact Patrice Murray at PAMurrayReporting@gmail.com*
*for a complete copy of the transcript.*
Case 1:20-cr-00100-CJW-MAR   Document 63   Filed 04/06/22   Page 12 of 40

defendant committed the offense, not at the time of
sentencing.  That was my position before *Merrett* was
decided.  That remains my position after *Merrett* was
decided.  In my mind, it only makes sense.  The
defendant's conduct at the time he possessed that firearm
was a crime under Iowa law.  The fact that Iowa law has
since changed that law so it would not be a crime doesn't
make that his conduct was not criminal at the time he
committed it.  And so I find that it was properly scored
under the guidelines here for a 4-level enhancement at
paragraph 10.

     Turning to the calculation of the criminal history
points, the government has conceded that, at
paragraph 35, the crime of intimidation with a dangerous
weapon does not qualify as a violent crime; and,
therefore, the -- that would not count as a point under
the guidelines.

     With regard to willful injury, I find that the
Eighth Circuit's decisions in *Rice* and *Clark* are binding
on me and correctly decided, not that that matters but
they are binding on me.  And I find that *Borden* does not
render those decisions inapplicable here.  There are
different issues at stake in *Borden*.  *Borden* dealt with
recklessness and not with the issue of causation.  I
don't find *Borden* to have effectively overruled *Clark* or

*Contact Patrice Murray at PAMurrayReporting@gmail.com*
*for a complete copy of the transcript.*
Case 1:20-cr-00100-CJW-MAR   Document 63   Filed 04/06/22   Page 13 of 40

1    *Rice*, and I find that those two decisions are binding on

2    me.  And so I find that that does count as a crime of

3    violence, and it was properly scored.

4          What that does is it means at paragraph 35 the

5    defendant should have 4 criminal history points, not 5

6    criminal history points.  So I sustain the defendant's

7    objection to that extent.  That carries over then to

8    paragraph 40.  Instead of having 9 criminal history

9    points, the defendant would have 8 criminal history

10   points.  He has 2 additional points for committing this

11   crime while he was under a criminal justice sentence.

12   And so at paragraph 42, the defendant would have a total

13   of 10 criminal history points.  That still places him in

14   criminal history category V.  And so the guideline --

15   advisory guideline calculation remains the same.  With a

16   total offense level of 21, criminal history category V,

17   the defendant's advisory guideline range of imprisonment

18   is 70 to 87 months.

19          All right.  There are two issues before the Court.

20   One I need to take up with the parties at sidebar, and

21   then we have a motion for a downward variance, and so

22   let's take up the matter at sidebar first.  I'd ask

23   counsel to approach.

24                      * * * * *

25          (A sealed record was made at sidebar.)

*Contact Patrice Murray at PAMurrayReporting@gmail.com*
*for a complete copy of the transcript.*
Case 1:20-cr-00100-CJW-MAR   Document 63   Filed 04/06/22   Page 14 of 40

```
 1                        *  *  *  *  *

 2           (The following was held in open court.)

 3              THE COURT:  All right.  There remains before

 4      the Court a motion for a downward variance from the

 5      defendant.  Although it's the defendant's motion, it's my

 6      practice to hear first from the government regarding any

 7      downward variance motion because that then gives the

 8      defense counsel an opportunity to not only respond to the

 9      government but make its own argument.  So I'll hear first

10      from Mr. Edwards, and then I'll hear from Ms. Johnston,

11      and then I'll hear from Mr. Cungtion if he wishes to say

12      anything to me, and then I'll impose sentence.

13           Mr. Edwards.

14              MR. EDWARDS:  Thank you, Your Honor.  For the

15      reasons set forth in our brief resisting the defendant's

16      motion for a downward variance, the government is asking

17      the Court to deny the defendant's motion for a downward

18      variance and sentence the defendant to a term of

19      imprisonment at or near the top of the guideline range as

20      determined by the Court.  Thank you, Your Honor.

21              THE COURT:  Thank you.

22           Ms. Johnston.

23              MS. JOHNSTON:  Thank you, Your Honor.  We are

24      asking that the Court consider varying downward for all

25      the reasons stated in my brief, and I would also rely on
```

*Contact Patrice Murray at PAMurrayReporting@gmail.com*
*for a complete copy of the transcript.*
Case 1:20-cr-00100-CJW-MAR   Document 63   Filed 04/06/22   Page 15 of 40

```
1   Mr. Cungtion's arguments in his pro se brief in support
2   of our request for a variance.  I'm going to stand on the
3   brief, but there are just a couple of things that I want
4   to talk more in detail about, because I think they're
5   important.  I think one of the most significant factors
6   here in favor of granting a variance is the argument that
7   Mr. Cungtion should not have been convicted in state
8   court of both the intimidation with a dangerous weapon
9   charge and the assault with a dangerous weapon, both of
10  which are at paragraph 35.  I elucidated upon that in my
11  brief, but essentially what it comes down to is Iowa law
12  says you can't be convicted of both of those offenses for
13  actions that arise out of the same incident.  And it's
14  clear, at least to me anyway, from the sentencing
15  documents that I've submitted to the Court, that
16  Mr. Cungtion was indeed convicted and sentenced for both
17  of those based on the same event, the same victim, the
18  exact same actions; and, therefore, he really shouldn't
19  have had those convictions.  And we're certainly not
20  asking the Court to vacate the convictions.  We
21  understand that this Court cannot do that.  But we are
22  asking you to take the fundamental unfairness of what we
23  believe is an erroneous conviction into account in
24  deciding what an appropriate sentence is in this case.
25      If either Mr. Cungtion's attorney had not given bad
```

*Contact Patrice Murray at PAMurrayReporting@gmail.com*
*for a complete copy of the transcript.*
Case 1:20-cr-00100-CJW-MAR   Document 63   Filed 04/06/22   Page 16 of 40

advice or if anybody at the state court level had
realized that Mr. Cungtion should not have been convicted
of both intimidation with a dangerous weapon and assault
with a dangerous weapon then he would have -- well, he
could have had a lower offense level, but that is no
longer a thing since you ruled that willful injury is a
crime of violence, but he would also have fewer criminal
history points, because he would get no points for the
intimidation, 3 points for the willful, and then no
points for the assault with a dangerous weapon.  So we
are asking you to consider varying down based on that
ground.

As for Mr. Cungtion's history and characteristics
and the offense conduct, this offense did involve the
simple possession of a firearm.  He only possessed it for
a short period of time, and it was possessed prior to him
being able to return it to the rightful owner.
Mr. Cungtion meant to return it to the rightful owner,
but the vehicle in which he was a passenger was pulled
over before he had the ability to do that.  This is
hardly the type of conduct that warrants a sentence of 63
to 78 months.

Additionally, Mr. Cungtion's childhood was not good.
His dad was in prison for murder for 20 years when
Mr. Cungtion was growing up.  His mom had both mental

*Contact Patrice Murray at PAMurrayReporting@gmail.com*
*for a complete copy of the transcript.*
Case 1:20-cr-00100-CJW-MAR   Document 63   Filed 04/06/22   Page 17 of 40

issues and addiction problems.  She was in and out of
prison and jail, and that resulted in a lot of turmoil in
Mr. Cungtion's life.  He was raised by his grandmother,
but as his dad acknowledged, and actually anybody who has
lived in Cedar Rapids for a long time knows, the Sykes
family has their own problems and has had problems with
the law.  Mr. Cungtion has a half-brother who is in
federal prison, and he had a full brother who committed
suicide seven years ago.  Mr. Cungtion's brother's
suicide took a big emotional toll on Mr. Cungtion.  I
think Mr. Cungtion described it best in his pro se brief,
but it caused him to spiral down, and he was trying to
cope with his emotions and with the idea of his brother's
suicide by turning to substances and just generally
leading a bad lifestyle.

As for Mr. Cungtion, he also lost his best friend
and a cousin to homicides, and those also created some
mental and emotional problems for him.  So we believe
that that is another ground that would be appropriate
upon which for the Court to vary downward.

Other than that, Your Honor, despite Mr. Cungtion's
criminal history, he's been a part of his kids's lives,
and he has been a good part of his kids's lives.  We know
he volunteered at school functions.  He also volunteered
coaching flag football, and that's set forth at

*Contact Patrice Murray at PAMurrayReporting@gmail.com*
*for a complete copy of the transcript.*
Case 1:20-cr-00100-CJW-MAR   Document 63   Filed 04/06/22   Page 18 of 40

1 Defendant's Exhibit E.

2       Mr. Cungtion has shown he can work hard, and he can

3 maintain full-time employment.  That's shown by his

4 employment at Whirlpool and WestRock.  And also

5 Mr. Cungtion earned his GED after dropping out.  And then

6 he went to college and he was majoring in prelaw before

7 he had to stop taking classes at William Penn.

8       One additional thing that I want to point out -- and

9 this was argued in Mr. Cungtion's brief -- is that due to

10 his being writted over to fed custody on the same day

11 that his probation was revoked in the Tama County case at

12 paragraph number 35, he's accrued no federal credit, and

13 his state sentence has been served in county jails.  And

14 this is all for a federal crime which had happened almost

15 8 months prior.  And but for the government not writting

16 him over until the moment that they did, he may have been

17 able to accrue federal credit, or at the very least he

18 wouldn't have been serving all his time in a county jail.

19 And if he wasn't in the county jail and had been in, say,

20 an Iowa state prison, he would have at least been able to

21 participate in programming, earn good time and things of

22 that nature.  And so the simple timing of Mr. Cungtion

23 being writted over here we believe is another significant

24 ground and should be considered in fashioning an

25 appropriate sentence.

*Contact Patrice Murray at PAMurrayReporting@gmail.com*
*for a complete copy of the transcript.*
Case 1:20-cr-00100-CJW-MAR   Document 63   Filed 04/06/22   Page 19 of 40

1    So for all these reasons, Your Honor, we are asking

2  that you vary downward to a lesser sentence.

3         THE COURT:  Thank you, Ms. Johnston.

4    Mr. Cungtion, this is the time in the hearing when

5  you have an opportunity to speak to me directly to tell

6  me anything you'd like me to know and take into account

7  in determining your sentence.  You don't have to say

8  anything.  And if you choose not to say anything, I won't

9  hold that against you in any way.  But if there is

10 anything you would like to say, now is the time to do so.

11 Is there anything you would like to say, sir?

12         THE DEFENDANT:  Yes, Your Honor.

13         THE COURT:  Go right ahead.

14         THE DEFENDANT:  I'm not going to sit here and,

15 you know, go on a long spiel.  I'm sure that you've taken

16 diligent practice in reviewing the record and that you

17 understand that any mitigating factor that I may be able

18 to, you know, articulate here in front of you, that

19 you've already reviewed that and that you've taken it

20 into consideration.  One thing I would like you to know,

21 Your Honor, is that a guideline range for 63 to

22 78 months, for a possession that I possessed for less

23 than 6 seconds is a bit drastic if you ask me.  I do take

24 complete and full responsibility in the fact that I did

25 break the law, and I don't expect to be exempt from

*Contact Patrice Murray at PAMurrayReporting@gmail.com*
*for a complete copy of the transcript.*
Case 1:20-cr-00100-CJW-MAR   Document 63   Filed 04/06/22   Page 20 of 40

1  punishment.  I do, however, think that the situation and
2  the circumstance surrounding my crime certainly warrant
3  mitigating factors and a lesser sentence.

4      As Ms. Johnston has explained to you, my father was
5  incarcerated for 20 years of my life.  And I'm not -- I'm
6  not a fortune teller, and I can't tell, you know, what
7  would have happened, what my life may have been like, if
8  my father was out, but I can assure you that I think it
9  would have been a little bit better and you wouldn't be
10 having me sitting here in front of you here today.

11     And in saying that, Your Honor, I ask that you give
12 me the opportunity to do exactly that for my children.  I
13 have two sons that are sitting in the courtroom today
14 that are seven and eight years old.  I also have a son
15 that is almost one years old sitting in the courtroom.
16 And I have two nephews who are, you know, of that age too
17 who I play a significant role in their lives.  And I ask
18 that you, in considering my sentence, that you, you know,
19 you consider that and the fact -- and the effect that I
20 may play in their lives if I were out.

21     As Ms. Johnston has stated, I've shown and I've --
22 I've shown and displayed a drive, you know, to be a
23 positive contributing member of my community.  No, I'm
24 not a perfect individual, and, yes, I've had troubles
25 with the law, but I have equally displayed the fact that,

*Contact Patrice Murray at PAMurrayReporting@gmail.com*
*for a complete copy of the transcript.*
Case 1:20-cr-00100-CJW-MAR   Document 63   Filed 04/06/22   Page 21 of 40

```
 1   you know, I'm a positive person, and I -- and I -- and I,
 2   you know, aspire to do positive things within the
 3   community.  With that, Your Honor, I'm -- I would like to
 4   just end my, you know, my allocution, but, you know, if
 5   it pleases the Court, I would like to address my family.
 6               THE COURT:  Most certainly.
 7               THE DEFENDANT:  Son and -- this is -- when I
 8   talk to you guys every day and I tell you, you have to
 9   control your temper -- and I tell you, you have to
10   control your temper and I tell you that you have to never
11   solve a problem by using your hands, this is what I'm
12   trying to protect you from.  This is what I don't ever
13   want for you.  And I pray that you guys can use this
14   situation and take it and learn from it so that you never
15   ever have to be in a situation like this.
16       I'm finished, Your Honor.
17               THE COURT:  Thank you, Mr. Cungtion.
18       All right.  In arriving at a sentence that is
19   sufficient but not greater than necessary to achieve the
20   goals of sentencing, I have considered all the factors at
21   Title 18 United States Code Section 3553(a), even if I do
22   not discuss each of them in my comments here.
23       Turning to the offense conduct, this arose from a
24   traffic stop.  The defendant was in a car with another
25   person.  He fled from the car when officers stopped it,
```

*Contact Patrice Murray at PAMurrayReporting@gmail.com*
*for a complete copy of the transcript.*
Case 1:20-cr-00100-CJW-MAR   Document 63   Filed 04/06/22   Page 22 of 40

1 and before he got out, he provided and put a -- the

2 pistol into this other person's purse in the car.  The

3 firearm was loaded, and one of the rounds was chambered.

4 It appears the firearm belonged to a friend, and the

5 friend alleges that he accidentally left the firearm in

6 the car, and he contacted the defendant to alert him to

7 that, and then the defendant was returning the firearm to

8 him.

9         Turning to the defendant's history and

10 characteristics, the defendant is 29 years old.  He's

11 earned his GED, and he did attend some college.  It is

12 clear from his pro se filing and also from his allocution

13 here that he's a very bright man and very articulate and

14 has the potential for great success.  I noted when I went

15 through his employment history as well in the PSR that

16 one year, in 2016, he earned quite a bit of money working

17 as a team leader at a factory, and so this is a gentleman

18 who has great ability to work hard and to succeed and on

19 occasion has done so in the past.

20         He's also, and it's clear from the exhibits provided

21 to the Court and also from the PSR, contributed in other

22 ways to society with his children and other activities,

23 primarily with the school.  He does have responsibility

24 for his children.  I would note, it was -- it's

25 disappointing to me, despite his active involvement in

*Contact Patrice Murray at PAMurrayReporting@gmail.com*
*for a complete copy of the transcript.*
Case 1:20-cr-00100-CJW-MAR   Document 63   Filed 04/06/22   Page 23 of 40

1  his children's lives, that he is, it appears, about

2  $40,000 in arrears on child support, and that's at

3  paragraph 79 of the presentence report.  And so being

4  involved in your children's lives also involves

5  financially supporting them as well.

6      The defendant has a history of substance abuse that

7  goes back to the age of 16 -- actually, 15 with

8  marijuana; 16 with alcohol.  He has had treatment on

9  occasion and has met the criteria for cannabis abuse,

10  uncomplicated, and alcohol abuse, uncomplicated,

11  diagnoses.  So it's clear that alcohol and drugs have

12  influenced and played a part in his criminal history and

13  his trouble with the law, and so he needs to receive

14  additional treatment.  And while he's out on supervised

15  release, that will be a focus of the probation office.

16      The defendant also has some history of struggles

17  with some mental issues, with anxiety in particular, and

18  that has been addressed from time to time over the years.

19  So we will be focusing on that as well when he is out on

20  supervised release, to address that issue.

21      The defendant -- the defendant's criminal history is

22  troubling, in my view.  He's only 29 years old, but he

23  has 17 adult convictions.  7 of those occurred on

24  probation.  The current offense occurred while he was on

25  probation.  2 of them are crimes of violence.  8 of his

*Contact Patrice Murray at PAMurrayReporting@gmail.com*
*for a complete copy of the transcript.*
Case 1:20-cr-00100-CJW-MAR   Document 63   Filed 04/06/22   Page 24 of 40

convictions scored 1 point, and only 4 of those points
count under the guidelines, and 7 scored no points.

There is a history of performing very poorly on
probation.  In particular, the convictions the defendant
received at paragraph 35 that are the subject of a lot of
the dispute and litigation in this sentencing hearing,
the defendant received a deferred judgment on that with
5 years' probation.  Had he merely complied with the
terms and conditions of supervision, he would have
received probably no points on this.  Instead, he
violated those conditions by committing new law
violations, using marijuana, disobeying a lawful order or
directive, being out of place of assignment, absconding
from supervision, consuming alcohol, and failing to
maintain employment.  That's what resulted in him being
incarcerated and resulted in the criminal history points
here that he scored on that conviction.

His criminal history also shows a number of
convictions of the same type and manner over and over
again.  That gives the Court a lot of concern about the
likelihood of the defendant reoffending and coming back
out on supervised release and committing more crimes, and
I'm concerned about the danger he poses to the community.

Regarding the specific arguments the defendant has
made for a downward variance, I want to address those to

*Contact Patrice Murray at PAMurrayReporting@gmail.com*
*for a complete copy of the transcript.*
Case 1:20-cr-00100-CJW-MAR   Document 63   Filed 04/06/22   Page 25 of 40

the extent I can, each one of them.  Regarding, first of
all, what appears to the defense to be an inappropriate
sentencing for both intimidation with a dangerous weapon
and assault with a dangerous weapon at paragraph 35, it's
less clear to me than it appears to be to the defense
that that was imposed for the exact same conduct.  In
this incident that occurred that is the subject of
paragraph 35, the defendant hit another man in the head
with an alcohol bottle, causing serious injury to the
person's face; then got in a car; then drove at other
people.  I understand that he disputes that, but I also
understand from looking through the exhibits that there
is evidence to suggest that he did.  Whether he intended
to hit somebody or not, he drove a vehicle in a dangerous
way at other people.  A vehicle is a dangerous weapon.
And so it's not clear to me, as it is to the defense,
that that is inappropriate conviction of two offenses at
paragraph 35 for the same conduct.  It could be, but I'm
not sure that it is.

     To the extent that his criminal history score is
overstated as a result of that, I find that it's
understated with regard to the criminal history that I've
reviewed.  Again, only 4 of the 1-pointers count.  He had
8 of those.  7 of his convictions did not score any
criminal history points.  And so I find that his criminal

*Contact Patrice Murray at PAMurrayReporting@gmail.com*
*for a complete copy of the transcript.*
Case 1:20-cr-00100-CJW-MAR   Document 63   Filed 04/06/22   Page 26 of 40

history category to some degree is understated based on

his likelihood of reoffending and the danger he poses to

the community.

So even if I were to find that the defendant's

convictions at paragraph 35 were inappropriate -- in

other words, he was convicted of 2 crimes for the same

incident -- I would not vary downward based on that,

based on what I otherwise find to be an understatement of

his criminal history.

Regarding the defendant's childhood, it is very

unfortunate that he grew up with a father who was

incarcerated. There are always collateral consequences.

The real victims of many of the cases that come before

this Court are not the defendant who goes off to prison

but the family members who suffer the consequences of the

defendant's criminal conduct and suffer without him. The

defendant felt that himself when he grew up without a

father who was in prison. And, unfortunately, that's

going to be felt by his children, at least for some

period of time.

I do note that the defendant also had a mother who

struggled with mental health issues and drug addiction,

and he was largely raised by his maternal grandmother.

Defendant, as I noted, is very articulate and a

bright man and has shown his ability to overcome that

*Contact Patrice Murray at PAMurrayReporting@gmail.com*
*for a complete copy of the transcript.*
Case 1:20-cr-00100-CJW-MAR   Document 63   Filed 04/06/22   Page 27 of 40

1  past though and succeed, and so -- I don't find that to

2  be so mitigating as to merit a downward variance.

3      The defendant's responsibility for his children I

4  have noted, and his contribution to the community is

5  noted as well.  It is mitigating to the degree as I find.

6      As for the timing of the writ and what impact, if

7  any, that would have had on the defendant's incarceration

8  in state court or whether he would have earned any

9  credit, I am not going to parse that and try to vary

10 downward.  Timing is just the way things happen to fall

11 sometimes, and sometimes the timing benefits a defendant.

12 Sometimes it is detrimental to a defendant.  The

13 government has never asked me to vary upward because a

14 defendant received the benefit of some type of timing

15 because of a writ or something like that.  And I find it

16 inappropriate to vary downward simply because of the

17 timing of when the government acted in this case might

18 have had some impact on the defendant's incarceration.

19     The government has asked for a top of the guideline

20 range sentence here, but I find that the factors

21 identified by the defendant that are mitigating here

22 warrant a sentence at the bottom of the advisory

23 guideline range, but not a sentence below that range.

24     And so it is the judgment of this Court,

25 Mr. Cungtion, that you are hereby committed to the

*Contact Patrice Murray at PAMurrayReporting@gmail.com*
*for a complete copy of the transcript.*
Case 1:20-cr-00100-CJW-MAR   Document 63   Filed 04/06/22   Page 28 of 40

custody of the Bureau of Prisons to be imprisoned for a

term of 63 months.  It is ordered that this term of

imprisonment be served consecutive to any undischarged

term of imprisonment imposed for the case set forth in

paragraph 35 of the presentence report.  I also order

that this term of imprisonment be served consecutive to

any term of imprisonment that may be imposed in the case

at paragraph 44 of the presentence report.  The first

order of concurrent -- I'm sorry, consecutive sentence is

under 5G1.3(d).  My second with regard to paragraph 44 is

under Title 18 United States Code Section 3584.

I recommend that you be designated to a Bureau of

Prisons facility in close proximity to your family

commensurate with your security and custody

classification needs.  I also recommend that you

participate in the Bureau of Prisons' 500-hour

comprehensive residential drug abuse treatment program or

an alternate substance abuse treatment program.

While on supervised release, you must comply with

all of the -- I'm sorry, you must comply with the

following mandatory conditions:  You must not commit

another federal, state, or local crime; you must not

unlawfully use or possess a controlled substance; and you

must cooperate in the collection of a DNA sample as

directed by your probation officer.  Upon release from

*Contact Patrice Murray at PAMurrayReporting@gmail.com*
*for a complete copy of the transcript.*
Case 1:20-cr-00100-CJW-MAR   Document 63   Filed 04/06/22   Page 29 of 40

1  imprisonment, you will be placed on supervised release

2  for a term of 3 years.  I should have mentioned that

3  first.

4        In addition to those mandatory conditions, you must

5  also comply with all of the special conditions set out in

6  my judgment -- I'm sorry, follow the standard conditions

7  set out in my judgment order and all the special

8  conditions set out at paragraphs 90 through 94 of the

9  presentence report.

10        It is ordered that you must pay to the United States

11  a special assessment of $100, which is due immediately.

12  I find that you do not have the ability to pay a fine so

13  no fine will be imposed.

14        You are hereby remanded to the custody of the United

15  States Marshal.

16        Mr. Edwards, there are no counts to be dismissed; is

17  that correct?

18              MR. EDWARDS:  That's correct, Your Honor.

19              THE COURT:  Before I advise Mr. Cungtion of his

20  right to appeal then, is there anything else on behalf of

21  the United States?

22              MR. EDWARDS:  No, Your Honor.

23              THE COURT:  Officer *Clark*?

24              PROBATION OFFICER:  No, Your Honor.  Thank you.

25              THE COURT:  And Ms. Johnston?

*Contact Patrice Murray at PAMurrayReporting@gmail.com*
*for a complete copy of the transcript.*
Case 1:20-cr-00100-CJW-MAR   Document 63   Filed 04/06/22   Page 30 of 40

```
 1            MS. JOHNSTON:  No, Your Honor.

 2            THE COURT:  All right.  Mr. Cungtion, let me

 3   talk to you, sir, about your right to appeal.  If you

 4   disagree with the sentence I've just imposed, you have

 5   the right to appeal that sentence to a higher court.

 6   That court is called the Eighth Circuit Court of Appeals.

 7   To appeal to that court, you would have to file a written

 8   notice of appeal with the Clerk of Court for the Northern

 9   District of Iowa here in Cedar Rapids within the next

10   14 days.  If you fail to file a written notice of appeal

11   in the next 14 days, you give up forever your right to

12   appeal the sentence I've just imposed.  Now, if you would

13   like to appeal but you cannot afford the services of an

14   attorney to do so, then I would appoint an attorney to

15   represent you on appeal at no expense to you.  Do you

16   understand your right to appeal, sir?

17            THE DEFENDANT:  Yes, Your Honor.

18            THE COURT:  Do you have any questions about

19   anything we've done here today, sir?

20            THE DEFENDANT:  No, Your Honor.

21            THE COURT:  Good luck, Mr. Cungtion.

22        Ms. Johnston, anything else on behalf of

23   Mr. Cungtion?

24            MS. JOHNSTON:  No, Your Honor.

25            THE COURT:  Mr. Edwards?
```

*Contact Patrice Murray at PAMurrayReporting@gmail.com*
*for a complete copy of the transcript.*
Case 1:20-cr-00100-CJW-MAR   Document 63   Filed 04/06/22   Page 31 of 40

1          MR. EDWARDS:  No, Your Honor.

2          THE COURT:  All right.  Thank you.  That

3    concludes this hearing.

4        (Proceedings concluded at 3:43 p.m.)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

*Contact Patrice Murray at PAMurrayReporting@gmail.com*
*for a complete copy of the transcript.*
Case 1:20-cr-00100-CJW-MAR   Document 63   Filed 04/06/22   Page 32 of 40

1          C E R T I F I C A T E

2          I, Patrice A. Murray, a Certified Shorthand
Reporter of the State of Iowa, do hereby certify that at
3    the time and place heretofore indicated, a hearing was
held before the Honorable C.J. Williams; that I reported
4    in shorthand and transcribed to the best of my ability
the proceedings of said hearing; and that the foregoing
5    transcript is a true record of all proceedings had on the
taking of said hearing at the above time and place.

6

7          I further certify that I am not related to or
employed by any of the parties to this action, and
further, that I am not a relative or employee of any
8    attorney or counsel employed by the parties hereto or
financially interested in the action.

9

10        IN WITNESS WHEREOF, I have set my hand this 6th day
of April, 2022.

11

12        /s/ Patrice A. Murray
          Patrice A. Murray, CSR, RMR, FCRR
          Court Reporter
13        PO Box 10541
          Cedar Rapids, Iowa 52410

14

15

16

17

18

19

20

21

22

23

24

25

*Contact Patrice Murray at PAMurrayReporting@gmail.com*
*for a complete copy of the transcript.*
Case 1:20-cr-00100-CJW-MAR   Document 63   Filed 04/06/22   Page 33 of 40

## $

**$100** [2] - 4:1, 30:11
**$250,000** [1] - 3:25
**$40,000** [1] - 24:2

## /

**/s** [1] - 33:11

## 1

**1** [4] - 1:10, 3:15, 3:24, 25:1
**1-level** [1] - 7:4
**1-pointers** [1] - 26:23
**10** [6] - 3:19, 4:17, 6:17, 9:6, 13:11, 14:13
**10541** [2] - 1:24, 33:13
**11** [1] - 7:19
**111** [2] - 1:10, 1:17
**14** [2] - 31:10, 31:11
**15** [1] - 24:7
**16** [2] - 24:7, 24:8
**16th** [1] - 1:17
**17** [1] - 24:23
**18** [3] - 3:17, 22:21, 29:11
**19** [2] - 3:14, 7:13

## 2

**2** [4] - 7:17, 14:10, 24:25, 27:6
**2-level** [1] - 6:25
**20** [3] - 6:12, 17:24, 21:5
**20-CR-100** [2] - 1:5, 3:4
**2016** [1] - 23:16
**2021** [1] - 3:14
**2022** [2] - 1:17, 33:10
**21** [3] - 7:10, 7:21, 14:16
**22** [1] - 4:19
**222** [1] - 1:12
**23** [2] - 4:19, 4:21
**24** [1] - 6:23
**29** [3] - 4:19, 23:10, 24:22
**290** [1] - 1:12
**2:58** [1] - 1:18
**2K2.1(a)(4)(A** [1] - 6:13
**2K2.1(b)(6)(B** [1] - 6:19

## 3

**3** [4] - 3:22, 7:9, 17:9, 30:2
**3/30/22** [1] - 1:21
**31** [1] - 4:19
**34** [1] - 4:19
**35** [12] - 4:19, 10:6, 13:14, 14:4, 16:10, 19:12, 25:5, 26:4,

26:8, 26:18, 27:5, 29:5
**3553(a** [1] - 22:21
**3584** [1] - 29:11
**36** [1] - 4:20
**37** [1] - 4:20
**3:43** [1] - 32:4
**3E1.1(a)** [1] - 7:2
**3E1.1(b** [1] - 7:5

## 4

**4** [4] - 11:16, 14:5, 25:1, 26:23
**4-level** [6] - 6:18, 9:5, 9:24, 12:14, 12:17, 13:10
**4/6/22** [1] - 1:21
**40** [2] - 4:22, 14:8
**41** [1] - 3:13
**42** [3] - 4:22, 7:13, 14:12
**43** [1] - 4:24
**44** [3] - 4:25, 29:8, 29:10
**45** [2] - 4:25, 5:16
**48** [1] - 8:2
**4A1.1(d)** [1] - 7:18

## 5

**5** [4] - 3:24, 6:10, 14:5, 25:8
**50** [1] - 8:14
**500-hour** [1] - 29:16
**52401** [2] - 1:10, 1:13
**52410** [2] - 1:24, 33:13
**53** [1] - 8:16
**5G1.3(d)** [1] - 29:10

## 6

**6** [1] - 20:23
**63** [3] - 17:21, 20:21, 29:2
**6th** [1] - 33:9

## 7

**7** [3] - 24:23, 25:2, 26:24
**70** [2] - 7:22, 14:18
**724.4(1)** [1] - 6:22
**78** [2] - 17:22, 20:22
**79** [1] - 24:3

## 8

**8** [5] - 2:3, 14:9, 19:15, 24:25, 26:24
**87** [2] - 7:23, 14:18

## 9

**9** [3] - 6:10, 7:15, 14:8
**90** [1] - 30:8
**922(g)(1** [1] - 3:18
**924(a)(2)** [1] - 3:18
**94** [1] - 30:8

## A

**ability** [5] - 17:20, 23:18, 27:25, 30:12, 33:4
**able** [5] - 6:1, 17:17, 19:17, 19:20, 20:17
**absconding** [1] - 25:13
**abuse** [2] - 24:6, 24:9, 24:10, 29:17, 29:18
**acceptance** [3] - 7:1, 7:4, 7:9
**accidentally** [1] - 23:5
**according** [1] - 7:14
**account** [2] - 16:23, 20:6
**accrue** [1] - 19:17
**accrued** [1] - 19:12
**achieve** [1] - 22:19
**acknowledge** [1] - 11:7
**acknowledged** [1] - 18:4
**acknowledges** [1] - 12:23
**act** [2] - 9:24, 12:5
**acted** [1] - 28:17
**action** [2] - 33:7, 33:8
**actions** [2] - 16:13, 16:18
**active** [1] - 23:25
**activities** [1] - 23:22
**add** [1] - 10:8
**added** [1] - 7:18
**addiction** [2] - 18:1, 27:22
**addition** [1] - 30:4
**additional** [5] - 7:4, 7:17, 14:10, 19:8, 24:14
**additionally** [1] - 17:23
**address** [5] - 9:1, 11:21, 22:5, 24:20, 25:25
**addressed** [1] - 24:18
**adjusted** [1] - 6:23
**admitted** [1] - 8:11
**adult** [1] - 24:23
**advice** [1] - 17:1
**advise** [1] - 30:19
**advisory** [4] - 4:7, 6:8, 7:22, 14:15, 14:17, 28:22
**afford** [1] - 31:13
**age** [2] - 21:16, 24:7
**ago** [1] - 18:9
**agree** [2] - 8:21, 12:19
**ahead** [1] - 20:13
**alcohol** [5] - 24:8, 24:10, 24:11, 25:14, 26:9
**alert** [1] - 23:6
**alleges** [1] - 23:5

**allocution** [2] - 22:4, 23:12
**allowed** [1] - 8:15
**almost** [2] - 19:14, 21:15
**alternate** [1] - 29:18
**amended** [2] - 9:17, 11:13
**AMERICA** [1] - 1:3
**America** [1] - 3:3
**amounts** [1] - 11:5
**analysis** [1] - 12:19
**answer** [1] - 6:1
**anxiety** [1] - 24:17
**anyway** [1] - 16:14
**appeal** [10] - 30:20, 31:3, 31:5, 31:7, 31:8, 31:10, 31:12, 31:13, 31:15, 31:16
**Appeals** [2] - 12:24, 31:6
**APPEARANCES** [1] - 1:9
**appeared** [2] - 1:11, 1:13
**application** [1] - 11:4
**apply** [3] - 9:18, 11:11, 11:16
**applying** [1] - 12:21
**appoint** [1] - 31:14
**approach** [1] - 14:23
**appropriate** [4] - 9:25, 16:24, 18:19, 19:25
**April** [1] - 33:10
**argued** [1] - 19:9
**argues** [3] - 9:16, 9:24, 10:14
**argument** [2] - 15:9, 16:6
**arguments** [6] - 10:13, 11:2, 11:22, 11:24, 16:1, 25:24
**arise** [1] - 16:13
**arose** [1] - 22:23
**arrears** [1] - 24:2
**arrests** [1] - 4:25
**arriving** [1] - 22:18
**articulate** [3] - 20:18, 23:13, 27:24
**aspire** [1] - 22:2
**assault** [4] - 16:9, 17:3, 17:10, 26:4
**assessed** [2] - 6:17, 10:6
**assessment** [2] - 4:1, 30:11
**assignment** [1] - 25:13
**Assistant** [2] - 3:6, 3:8
**assure** [1] - 21:8
**attached** [1] - 8:4
**attend** [1] - 23:11
**attorney** [4] - 16:25, 31:14, 33:8
**ATTORNEY** [2] - 1:10, 1:12
**Attorney** [1] - 3:6
**Attorney's** [1] - 1:10
**August** [1] - 3:14
**authored** [1] - 3:11
**Avenue** [3] - 1:10, 1:12, 1:17
**awarded** [1] - 6:25
**aware** [1] - 5:17

*Contact Patrice Murray at PAMurrayReporting@gmail.com*
*for a complete copy of the transcript.*
Case 1:20-cr-00100-CJW-MAR   Document 63   Filed 04/06/22   Page 34 of 40

## B

bad [2] - 16:25, 18:15
base [1] - 6:12
based [6] - 6:13, 16:17, 17:11, 27:1, 27:7, 27:8
BEFORE [1] - 1:16
beginning [2] - 6:10, 7:12
behalf [6] - 1:11, 1:13, 4:2, 4:11, 30:20, 31:22
belonged [1] - 23:4
below [1] - 28:23
benefit [1] - 28:14
benefits [1] - 28:11
best [3] - 18:11, 18:16, 33:4
better [1] - 21:9
big [1] - 18:10
binding [6] - 9:15, 11:8, 12:20, 13:19, 13:21, 14:1
bit [3] - 20:23, 21:9, 23:16
bodily [2] - 10:12, 12:6
Borden [8] - 10:15, 10:18, 12:2, 13:21, 13:23, 13:25
bottle [1] - 26:9
bottom [1] - 28:22
Box [3] - 1:10, 1:24, 33:13
break [1] - 20:25
brief [14] - 5:4, 9:14, 10:7, 10:8, 10:10, 11:22, 11:24, 15:15, 15:25, 16:1, 16:3, 16:11, 18:11, 19:9
briefly [1] - 10:9
bright [2] - 23:13, 27:25
brother [2] - 18:7, 18:8
brother's [2] - 18:9, 18:13
burden [1] - 9:8
Bureau [3] - 29:1, 29:12, 29:16

## C

c.J [1] - 1:16
C.J [1] - 33:3
calculation [7] - 4:7, 6:8, 6:9, 9:7, 10:5, 13:12, 14:15
called [1] - 31:6
cannabis [1] - 24:9
cannot [3] - 10:19, 16:21, 31:13
car [5] - 22:24, 22:25, 23:2, 23:6, 26:10
carries [1] - 14:7
carrying [8] - 6:21, 7:13, 9:16, 9:17, 9:22, 11:2, 11:13, 11:16
case [10] - 10:13, 10:22, 11:19, 11:25, 16:24, 19:11, 28:17, 29:4, 29:7
Case [1] - 3:4

cases [1] - 27:13
category [7] - 7:20, 7:21, 12:12, 14:14, 14:16, 27:1
causation [4] - 11:25, 12:6, 12:8, 13:24
caused [1] - 18:12
causing [1] - 26:9
Cedar [7] - 1:10, 1:12, 1:18, 1:24, 18:5, 31:9, 33:13
certainly [3] - 16:19, 21:2, 22:6
Certified [2] - 1:19, 33:2
certify [2] - 33:2, 33:6
chambered [1] - 23:3
changed [1] - 13:7
characteristics [2] - 17:13, 23:10
charge - 16:9
charges [1] - 4:25
charging [1] - 3:15
child [1] - 24:2
childhood [2] - 17:23, 27:10
children [5] - 21:12, 23:22, 23:24, 27:19, 28:3
children's [2] - 24:1, 24:4
choose [1] - 20:8
CHRISTOPHER [1] - 1:6
Christopher [1] - 3:3
circuit [1] - 11:7
Circuit [4] - 9:19, 12:19, 12:24, 31:6
Circuit's [1] - 13:19
circumstance [1] - 21:2
Clark [10] - 3:10, 10:14, 10:15, 10:16, 10:22, 12:2, 12:3, 13:19, 13:25, 30:23
class [1] - 12:6
classes [1] - 19:7
classification [1] - 29:15
clause [1] - 12:1
clear [8] - 9:19, 10:17, 16:14, 23:12, 23:20, 24:11, 26:5, 26:16
Clerk [1] - 31:8
client [2] - 4:12, 5:5
close [1] - 29:13
coaching [1] - 18:25
Code [4] - 3:17, 6:22, 22:21, 29:11
collateral [1] - 27:12
collection [1] - 29:24
college [2] - 19:6, 23:11
coming [1] - 25:21
commencing [1] - 1:18
commensurate [1] - 29:14
comments [1] - 22:22
commit [1] - 29:21
committed [9] - 6:14, 7:16, 9:21, 9:23, 12:22, 13:1, 13:9, 18:8, 28:25
committing [1] - 14:10,

25:11, 25:22
community [5] - 21:23, 22:3, 25:23, 27:3, 28:4
complete [1] - 20:24
Completed [1] - 1:21
complied [1] - 25:8
comply [3] - 29:19, 29:20, 30:5
comprehensive [1] - 29:17
computation [1] - 4:23
conceded [2] - 11:18, 13:13
conceding [1] - 10:10
concern [1] - 25:20
concerned [1] - 25:23
concerning [1] - 10:18
concluded [1] - 32:4
concludes [1] - 32:3
concurrent [1] - 29:9
conditions [7] - 25:9, 25:11, 29:21, 30:4, 30:5, 30:6, 30:8
conduct [10] - 4:24, 9:21, 13:5, 13:8, 17:14, 17:21, 22:23, 26:6, 26:18, 27:16
connection [3] - 4:18, 6:20, 12:15
consecutive [3] - 29:3, 29:6, 29:9
consequences [2] - 27:12, 27:15
consider [3] - 15:24, 17:11, 21:19
consideration [1] - 20:20
considered [2] - 19:24, 22:20
considering [1] - 21:18
consistent [1] - 12:17
constitute [1] - 10:19
consuming [1] - 25:14
contacted [1] - 23:6
contributed [1] - 23:21
contributing [1] - 21:23
contribution [1] - 28:4
control [2] - 22:9, 22:10
controlled [2] - 6:16, 29:23
controls [1] - 9:15
convicted [6] - 12:5, 16:7, 16:12, 16:16, 17:2, 27:6
conviction [4] - 6:15, 16:23, 25:17, 26:17
convictions [9] - 7:14, 16:19, 16:20, 24:23, 25:1, 25:4, 25:19, 26:24, 27:5
cooperate [1] - 29:24
cope [1] - 18:13
copies [1] - 5:13
correct [2] - 30:17, 30:18
correctly [1] - 13:20
counsel [3] - 14:23, 15:8, 33:8
Count [1] - 3:15
count [5] - 13:15, 13:16, 14:2,

25:2, 26:23
counting [2] - 11:6, 12:18
counts [1] - 30:16
County [1] - 19:11
county [3] - 19:13, 19:18, 19:19
couple [1] - 16:3
course [2] - 7:25, 11:12
COURT [34] - 1:1, 3:2, 4:6, 4:10, 4:15, 5:4, 5:15, 5:21, 5:25, 6:4, 6:7, 7:8, 8:8, 8:10, 8:13, 8:21, 8:23, 10:1, 10:24, 12:13, 15:3, 15:21, 20:3, 20:13, 22:6, 22:17, 30:19, 30:23, 30:25, 31:2, 31:18, 31:21, 31:25, 32:2
Court [31] - 1:23, 3:2, 3:21, 3:23, 3:24, 3:25, 5:11, 5:16, 7:8, 8:15, 11:3, 11:8, 11:11, 12:24, 14:19, 15:4, 15:17, 15:20, 15:24, 16:15, 16:20, 16:21, 18:20, 22:5, 23:21, 25:20, 27:14, 28:24, 31:6, 31:8, 33:12
court [8] - 3:1, 15:2, 16:8, 17:1, 28:8, 31:5, 31:6, 31:7
court's [1] - 3:13
courtroom [3] - 3:9, 21:13, 21:15
cousin [1] - 18:17
covered [1] - 10:6
created [1] - 18:17
credit [3] - 19:12, 19:17, 28:9
crime [14] - 3:18, 6:16, 10:12, 11:20, 13:6, 13:7, 13:14, 13:15, 14:2, 14:11, 17:7, 19:14, 21:2, 29:22
crimes [4] - 12:8, 24:25, 25:22, 27:6
criminal [35] - 4:20, 4:23, 4:24, 7:11, 7:15, 7:17, 7:19, 7:20, 7:21, 9:7, 10:5, 12:10, 12:12, 13:8, 13:12, 14:5, 14:6, 14:8, 14:9, 14:11, 14:13, 14:14, 14:16, 17:7, 18:22, 24:12, 24:21, 25:16, 25:18, 26:20, 26:22, 26:25, 27:9, 27:16
Criminal [1] - 3:4
criteria [1] - 24:9
CSR [2] - 1:23, 33:12
CUNGTION [1] - 1:6
Cungtion [28] - 3:3, 4:11, 5:7, 5:13, 5:18, 11:14, 12:5, 12:9, 15:11, 16:7, 16:16, 17:2, 17:18, 17:25, 18:7, 18:10, 18:11, 18:16, 19:2, 19:5, 19:22, 20:4, 22:17, 28:25, 30:19, 31:2, 31:21, 31:23
Cungtion's [9] - 11:19, 16:1, 16:25, 17:13, 17:23, 18:3,

*Contact Patrice Murray at PAMurrayReporting@gmail.com*
*for a complete copy of the transcript.*

18:9, 18:21, 19:9
**current** [1] - 24:24
**custody** [4] - 19:10, 29:1, 29:14, 30:14

## D

**dad** [2] - 17:24, 18:4
**danger** [2] - 25:23, 27:2
**dangerous** [13] - 10:11, 11:20, 12:11, 13:14, 16:8, 16:9, 17:3, 17:4, 17:10, 26:3, 26:4, 26:14, 26:15
**days** [2] - 31:10, 31:11
**deals** [1] - 10:15
**dealt** [2] - 10:16, 13:23
**decided** [3] - 13:3, 13:4, 13:20
**deciding** [1] - 16:24
**decisions** [3] - 13:19, 13:22, 14:1
**DEFENDANT** [9] - 5:20, 5:24, 6:3, 6:6, 20:12, 20:14, 22:7, 31:17, 31:20
**defendant** [47] - 3:7, 3:14, 3:20, 5:2, 6:11, 6:12, 6:18, 6:24, 7:3, 7:11, 7:16, 8:2, 8:15, 9:5, 9:16, 9:21, 9:23, 10:5, 10:14, 12:22, 12:23, 13:1, 14:5, 14:9, 14:12, 15:5, 15:18, 22:24, 23:6, 23:7, 23:10, 24:6, 24:16, 24:21, 25:4, 25:7, 25:21, 25:24, 26:8, 27:14, 27:17, 27:21, 27:24, 28:11, 28:12, 28:14, 28:21
**Defendant** [2] - 1:7, 1:13
**Defendant's** [1] - 19:1
**defendant's** [18] - 7:10, 7:13, 10:13, 12:16, 13:5, 14:6, 14:17, 15:5, 15:15, 15:17, 23:9, 24:21, 27:4, 27:10, 27:16, 28:3, 28:7, 28:18
**Defender** [1] - 3:8
**Defender's** [1] - 1:12
**defense** [4] - 15:8, 26:2, 26:5, 26:16
**deferred** [1] - 25:7
**defined** [1] - 9:23
**degree** [2] - 27:1, 28:5
**deleted** [1] - 4:21
**deny** [1] - 15:17
**described** [1] - 28:11
**designated** [1] - 29:12
**despite** [2] - 18:21, 23:25
**detail** [2] - 7:25, 16:4
**determined** [2] - 6:9, 15:20
**determining** [1] - 20:7
**detrimental** [1] - 28:12
**diagnoses** [1] - 24:11
**dicta** [1] - 12:24

**different** [3] - 10:16, 11:6, 13:23
**diligent** [1] - 20:16
**DILLAN** [1] - 1:10
**Dillan** [1] - 3:6
**directed** [1] - 29:25
**directive** [1] - 25:13
**directly** [1] - 20:5
**disagree** [1] - 31:4
**disappointing** [1] - 23:25
**discuss** [1] - 22:22
**discussed** [1] - 5:9
**dismissed** [1] - 30:16
**disobeying** [1] - 25:12
**displayed** [2] - 21:22, 21:25
**dispute** [1] - 25:6
**disputed** [2] - 8:23, 9:1
**disputes** [1] - 26:11
**District** [1] - 31:9
**DISTRICT** [2] - 1:1, 1:1
**DNA** [1] - 29:24
**document** [5] - 3:12, 5:16, 8:2, 8:14, 8:16
**documents** [2] - 8:18, 16:15
**done** [2] - 23:19, 31:19
**double** [2] - 11:6, 12:18
**double-counting** [2] - 11:6, 12:18
**down** [4] - 12:12, 16:11, 17:11, 18:12
**downward** [14] - 8:3, 14:21, 15:4, 15:7, 15:16, 15:17, 15:24, 18:20, 20:2, 25:25, 27:7, 28:2, 28:10, 28:16
**draft** [2] - 5:8, 5:10
**drastic** [1] - 20:23
**drive** [1] - 21:22
**drop** [1] - 12:12
**dropping** [1] - 19:5
**drove** [2] - 26:10, 26:14
**drug** [2] - 27:22, 29:17
**drugs** [1] - 24:11
**due** [2] - 19:9, 30:11

## E

**earn** [1] - 19:21
**earned** [4] - 19:5, 23:11, 23:16, 28:8
**Edwards** [12] - 3:7, 4:2, 7:2, 8:17, 9:9, 9:12, 10:4, 11:18, 15:10, 15:13, 30:16, 31:25
**EDWARDS** [12] - 1:10, 4:5, 4:9, 7:6, 8:9, 8:20, 9:13, 10:9, 15:14, 30:18, 30:22, 32:1
**effect** [4] - 9:20, 9:23, 11:11, 21:19
**effectively** [2] - 11:5, 13:25
**eight** [1] - 21:14
**Eighth** [5] - 9:19, 12:19,

12:23, 13:19, 31:6
**either** [3] - 6:15, 12:4, 16:25
**elucidated** [1] - 16:10
**emotional** [2] - 18:10, 18:18
**emotions** [1] - 18:13
**employed** [2] - 33:7, 33:8
**employee** [1] - 33:7
**employment** [4] - 19:3, 19:4, 23:15, 25:15
**end** [1] - 22:4
**enhancement** [9] - 4:17, 6:18, 9:6, 9:24, 11:2, 11:5, 12:14, 12:17, 13:10
**equally** [1] - 21:25
**erroneous** [1] - 16:23
**essentially** [2] - 11:9, 16:11
**event** [1] - 16:17
**evidence** [2] - 8:5, 26:13
**exact** [2] - 16:18, 26:6
**exactly** [1] - 21:12
**exempt** [1] - 20:25
**Exhibit** [2] - 8:7, 19:1
**exhibits** [5] - 2:2, 8:5, 8:18, 23:20, 26:12
**Exhibits** [4] - 2:3, 8:4, 8:10, 8:12
**existed** [1] - 12:22
**exists** [1] - 12:21
**expect** [1] - 20:25
**expense** [1] - 31:15
**explained** [1] - 21:4
**extent** [3] - 14:7, 26:1, 26:20

## F

**face** [1] - 26:10
**facility** [1] - 29:13
**fact** [6] - 5:11, 6:13, 13:6, 20:24, 21:19, 21:25
**factor** [1] - 20:17
**factors** [4] - 16:5, 21:3, 22:20, 28:20
**factory** [1] - 23:17
**fail** [1] - 31:10
**failing** [1] - 25:14
**fair** [2] - 4:3, 4:12
**fall** [1] - 28:10
**family** [4] - 18:6, 22:5, 27:15, 29:13
**far** [1] - 12:21
**fashioning** [1] - 19:24
**father** [4] - 21:4, 21:8, 27:11, 27:18
**favor** [1] - 16:6
**FCRR** [2] - 1:23, 33:12
**fed** [1] - 19:10
**federal** [5] - 18:8, 19:12, 19:14, 19:17, 29:22
**Federal** [2] - 1:12, 3:8
**feel** [1] - 5:21

**felon** [1] - 3:16
**felony** [8] - 4:18, 6:15, 6:20, 9:18, 9:20, 10:19, 12:15
**felt** [2] - 27:17, 27:19
**fewer** [1] - 17:7
**file** [5] - 3:13, 5:12, 8:15, 31:7, 31:10
**filed** [5] - 3:12, 5:16, 8:2, 8:11, 8:13
**filing** [1] - 23:12
**final** [1] - 5:9
**financially** [2] - 24:5, 33:8
**find** [16] - 12:18, 13:9, 13:18, 13:21, 13:25, 14:1, 14:2, 26:21, 26:25, 27:4, 27:8, 28:1, 28:5, 28:15, 28:20, 30:12
**fine** [3] - 3:25, 30:12, 30:13
**finished** [1] - 22:16
**firearm** [10] - 3:16, 4:18, 6:19, 12:15, 13:5, 17:15, 23:3, 23:4, 23:5, 23:7
**first** [13] - 5:1, 6:7, 9:2, 9:8, 11:4, 12:14, 12:18, 14:22, 15:6, 15:9, 26:1, 29:8, 30:3
**flag** [1] - 18:25
**fled** [1] - 22:25
**focus** [1] - 24:15
**focusing** [1] - 24:19
**follow** [1] - 30:6
**following** [3] - 3:1, 15:2, 29:21
**football** [1] - 18:25
**FOR** [1] - 1:1
**force** [1] - 12:1
**foreclosed** [1] - 10:13
**foregoing** [1] - 33:4
**forever** [1] - 31:11
**forth** [4] - 9:14, 15:15, 18:25, 29:4
**fortune** [1] - 21:6
**friend** [3] - 18:16, 23:4, 23:5
**front** [2] - 20:18, 21:10
**full** [5] - 4:3, 4:12, 18:8, 19:3, 20:24
**full-time** [1] - 19:3
**functions** [1] - 18:24
**fundamental** [1] - 16:22

## G

**GED** [2] - 19:5, 23:11
**generally** [1] - 18:14
**gentleman** [1] - 23:17
**get** [3] - 5:13, 12:9, 17:8
**give** [2] - 21:11, 31:11
**given** [1] - 16:25
**gives** [2] - 15:7, 25:20
**goals** [1] - 22:20
**govern** [1] - 11:10
**government** [15] - 4:6, 8:13,

*Contact Patrice Murray at PAMurrayReporting@gmail.com*
*for a complete copy of the transcript.*
Case 1:20-cr-00100-CJW-MAR   Document 63   Filed 04/06/22   Page 36 of 40

9:8, 9:24, 10:10, 10:22, 11:18, 13:13, 15:6, 15:9, 15:16, 19:15, 28:13, 28:17, 28:19
**government's** [1] - 7:3
**grandmother** [2] - 18:3, 27:23
**granting** [1] - 16:6
**grants** [1] - 7:8
**great** [2] - 23:14, 23:18
**greater** [1] - 22:19
**grew** [2] - 27:11, 27:17
**ground** [3] - 17:12, 18:19, 19:24
**growing** [1] - 17:25
**guideline** [15] - 6:13, 6:18, 7:2, 7:5, 7:18, 7:22, 8:24, 9:1, 14:14, 14:15, 14:17, 15:19, 20:21, 28:19, 28:23
**guidelines** [5] - 4:7, 6:8, 13:10, 13:17, 25:2
**guilty** [3] - 3:14, 6:24, 10:21
**guys** [2] - 22:8, 22:13

## H

**half** [1] - 18:7
**half-brother** [1] - 18:7
**hand** [1] - 33:9
**hands** [1] - 22:11
**happen** [1] - 28:10
**happened** [2] - 19:14, 21:7
**happy** [2] - 9:12, 10:7
**hard** [2] - 19:2, 23:18
**hardly** [1] - 17:21
**head** [1] - 26:8
**health** [1] - 27:22
**hear** [9] - 9:8, 9:9, 9:12, 10:4, 10:25, 15:6, 15:9, 15:10, 15:11
**hearing** [9] - 3:5, 7:24, 8:19, 20:4, 25:6, 32:3, 33:3, 33:4, 33:5
**HEARING** [1] - 1:15
**held** [3] - 3:1, 15:2, 33:3
**HELD** [1] - 1:16
**hereby** [3] - 28:25, 30:14, 33:2
**hereto** [1] - 33:8
**heretofore** [1] - 33:3
**higher** [1] - 31:5
**himself** [1] - 27:17
**history** [36] - 4:20, 4:23, 7:11, 7:15, 7:19, 7:20, 7:21, 9:7, 10:5, 12:10, 12:12, 13:12, 14:5, 14:6, 14:8, 14:9, 14:13, 14:14, 14:16, 17:8, 17:13, 18:22, 23:9, 23:15, 24:6, 24:12, 24:16, 24:21, 25:3, 25:16, 25:18, 26:20, 26:22, 26:25, 27:1, 27:9

**hit** [2] - 26:8, 26:14
**hold** [1] - 20:9
**homicides** [1] - 18:17
**HON** [1] - 1:16
**Honor** [36] - 4:5, 4:9, 4:14, 5:3, 5:6, 5:20, 5:24, 6:3, 7:7, 8:6, 8:9, 8:20, 8:22, 9:13, 9:25, 10:9, 10:23, 11:1, 15:14, 15:20, 15:23, 18:21, 20:1, 20:12, 20:21, 21:11, 22:3, 22:16, 30:18, 30:22, 30:24, 31:1, 31:17, 31:20, 31:24, 32:1
**Honorable** [1] - 33:3

## I

**idea** [1] - 18:13
**identified** [4] - 5:1, 6:21, 8:17, 28:21
**immediately** [1] - 30:11
**impact** [2] - 28:6, 28:18
**important** [1] - 16:5
**impose** [4] - 3:23, 3:24, 3:25, 15:12
**imposed** [6] - 26:6, 29:4, 29:7, 30:13, 31:4, 31:12
**imprisoned** [1] - 29:1
**imprisonment** [8] - 7:22, 14:17, 15:19, 29:3, 29:4, 29:6, 29:7, 30:1
**IN** [2] - 1:1, 33:9
**inapplicable** [1] - 13:22
**inappropriate** [4] - 26:2, 26:17, 27:5, 28:16
**incarcerated** [3] - 21:5, 25:16, 27:12
**incarceration** [2] - 28:7, 28:18
**incident** [3] - 16:13, 26:7, 27:7
**indeed** [1] - 16:16
**INDEX** [1] - 2:1
**indicated** [1] - 33:3
**indictment** [1] - 3:15
**individual** [1] - 21:24
**influenced** [1] - 24:12
**injury** [10] - 10:11, 10:12, 10:17, 10:21, 11:23, 12:1, 12:4, 12:6, 12:8, 12:10, 13:18, 17:6, 26:9
**instant** [1] - 7:16
**instead** [2] - 14:8, 25:10
**intended** [1] - 26:13
**interested** [1] - 33:8
**intimidation** [8] - 10:10, 11:19, 12:11, 13:14, 16:8, 17:3, 17:9, 26:3
**investigation** [2] - 3:12, 7:25
**involve** [1] - 17:14

**involved** [1] - 24:4
**involvement** [1] - 23:25
**involves** [1] - 24:4
**IOWA** [1] - 1:1
**Iowa** [15] - 1:10, 1:13, 1:18, 1:24, 6:22, 9:17, 9:21, 9:22, 13:6, 16:11, 19:20, 31:9, 33:2, 33:13
**Iowa's** [1] - 11:12
**issue** [4] - 10:16, 10:17, 13:24, 24:20
**issues** [7] - 8:24, 9:2, 13:23, 14:19, 18:1, 24:17, 27:22
**IV** [1] - 12:12

## J

**jail** [3] - 18:2, 19:18, 19:19
**jails** [1] - 19:13
**Jessica** [1] - 3:9
**JILL** [1] - 1:12
**Jill** [1] - 3:8
**jOHNSTON** [1] - 1:12
**Johnston** [16] - 3:9, 4:11, 5:23, 6:1, 8:4, 8:21, 9:10, 10:2, 10:25, 15:10, 15:22, 20:3, 21:4, 21:21, 30:25, 31:22
**JOHNSTON** [9] - 4:14, 5:3, 5:6, 8:6, 8:22, 11:1, 15:23, 31:1, 31:24
**JR** [1] - 1:6
**Jr** [1] - 3:4
**judgment** [4] - 25:7, 28:24, 30:6, 30:7
**justice** [2] - 7:17, 14:11

## K

**kids's** [2] - 18:22, 18:23
**knows** [2] - 5:11, 18:5

## L

**language** [1] - 9:19
**largely** [1] - 27:23
**late** [2] - 5:12, 5:15
**law** [13] - 11:11, 12:4, 12:21, 13:7, 16:11, 18:7, 20:25, 21:25, 24:13, 25:11
**lawful** [1] - 25:12
**leader** [1] - 23:17
**leading** [1] - 18:15
**learn** [1] - 22:14
**least** [4] - 16:14, 19:17, 19:20, 27:19
**Lee** [1] - 3:3
**left** [1] - 23:5
**less** [2] - 20:22, 26:5

**lesser** [2] - 20:2, 21:3
**level** [8] - 6:12, 6:23, 7:7, 7:10, 7:21, 14:16, 17:1, 17:5
**levels** [1] - 7:9
**life** [3] - 18:3, 21:5, 21:7
**lifestyle** [1] - 18:15
**likelihood** [2] - 25:21, 27:2
**litigation** [1] - 25:6
**lived** [1] - 18:5
**lives** [6] - 18:22, 18:23, 21:17, 21:20, 24:1, 24:4
**loaded** [1] - 23:3
**local** [1] - 29:22
**lodged** [1] - 5:10
**looking** [1] - 26:12
**lost** [1] - 18:16
**lower** [1] - 17:5
**luck** [1] - 31:21

## M

**machine** [1] - 1:20
**made** [4] - 9:19, 11:3, 14:25, 25:25
**maintain** [2] - 19:3, 25:15
**majoring** [1] - 19:6
**make** [3] - 5:4, 13:8, 15:9
**makes** [2] - 10:17, 13:4
**man** [3] - 23:13, 26:8, 27:25
**mandatory** [3] - 4:1, 29:21, 30:4
**manner** [1] - 25:19
**March** [1] - 1:17
**marijuana** [2] - 24:8, 25:12
**Marshal** [1] - 30:15
**maternal** [1] - 27:23
**matter** [5] - 3:2, 3:4, 8:25, 9:3, 14:22
**matters** [4] - 9:10, 9:11, 12:25, 13:20
**means** [1] - 14:4
**meant** [1] - 17:18
**member** [1] - 21:23
**members** [1] - 27:15
**memorandum** [3] - 8:3, 8:14, 8:16
**mens** [4] - 10:18, 10:20, 10:21
**mental** [4] - 17:25, 18:18, 24:17, 27:22
**mentioned** [1] - 30:2
**merely** [1] - 25:8
**merit** [1] - 28:2
**Merrett** [3] - 12:24, 13:2, 13:3
**met** [2] - 5:7, 24:9
**might** [1] - 28:17
**mind** [1] - 13:4
**mitigating** [5] - 20:17, 21:3, 28:2, 28:5, 28:21

*Contact Patrice Murray at PAMurrayReporting@gmail.com*
*for a complete copy of the transcript.*
Case 1:20-cr-00100-CJW-MAR   Document 63   Filed 04/06/22   Page 37 of 40

**mom** [1] - 17:25
**moment** [1] - 19:16
**money** [1] - 23:16
**months** [6] - 7:23, 14:18, 17:22, 19:15, 20:22, 29:2
**most** [2] - 16:5, 22:6
**mother** [1] - 27:21
**motion** [8] - 7:8, 8:3, 14:21, 15:4, 15:5, 15:7, 15:16, 15:17
**move** [1] - 9:11
**moves** [1] - 7:6
**moving** [1] - 8:5
**MR** [11] - 4:5, 4:9, 7:6, 8:9, 8:20, 9:13, 10:9, 15:14, 30:18, 30:22, 32:1
**MS** [9] - 4:14, 5:3, 5:6, 8:6, 8:22, 11:1, 15:23, 31:1, 31:24
**murder** [1] - 17:24
**Murray** [5] - 1:19, 1:23, 33:2, 33:11, 33:12
**must** [8] - 25:19, 29:19, 29:20, 29:21, 29:22, 29:24, 30:4, 30:10

**N**

**nature** [1] - 19:22
**near** [1] - 15:19
**necessary** [1] - 22:19
**need** [3] - 8:24, 12:5, 14:20
**needs** [2] - 24:13, 29:15
**nephews** [1] - 21:16
**never** [3] - 22:10, 22:14, 28:13
**new** [2] - 11:13, 25:11
**next** [2] - 31:9, 31:11
**NORTHERN** [1] - 1:1
**Northern** [1] - 31:8
**note** [4] - 4:21, 5:15, 23:24, 27:21
**noted** [6] - 4:15, 9:6, 23:14, 27:24, 28:4, 28:5
**notes** [1] - 10:10
**notice** [2] - 31:8, 31:10
**number** [6] - 3:12, 8:2, 8:14, 8:16, 19:12, 25:18
**Number** [1] - 3:4

**O**

**objected** [3] - 9:5, 9:7, 10:5
**objection** [6] - 4:22, 5:12, 5:16, 8:8, 12:16, 14:7
**objections** [4] - 4:7, 4:16, 4:19, 5:1, 5:10
**occasion** [2] - 23:19, 24:9
**occurred** [3] - 24:23, 24:24, 26:7
**OF** [2] - 1:1, 1:3
**offense** [23] - 4:19, 6:12,

6:14, 6:16, 6:20, 6:21, 6:23, 6:24, 7:10, 7:16, 7:21, 9:15, 9:18, 9:20, 12:16, 12:23, 13:1, 14:16, 17:5, 17:14, 22:23, 24:24
**offenses** [2] - 16:12, 26:17
**Office** [2] - 1:10, 1:12
**office** [8] - 4:21, 6:9, 6:11, 6:17, 6:25, 7:12, 7:15, 24:15
**officer** [1] - 29:25
**Officer** [3] - 3:10, 3:11, 30:23
**OFFICER** [1] - 30:24
**officers** [1] - 22:25
**old** [4] - 21:14, 21:15, 23:10, 24:22
**one** [3] - 3:15, 14:20, 16:5, 19:8, 20:20, 21:15, 23:3, 23:16, 26:1
**one-count** [1] - 3:15
**open** [2] - 3:1, 15:2
**opportunity** [6] - 4:3, 4:12, 5:18, 15:8, 20:5, 21:12
**option** [1] - 3:23
**order** [4] - 25:12, 29:5, 29:9, 30:7
**ordered** [2] - 29:2, 30:10
**Ordered** [1] - 1:21
**otherwise** [1] - 27:8
**overcome** [1] - 27:25
**overrule** [1] - 12:16
**overruled** [2] - 10:15, 13:25
**overstated** [1] - 26:21
**own** [3] - 5:19, 15:9, 18:6
**owner** [2] - 17:17, 17:18

**P**

**p.m** [2] - 1:18, 32:4
**PAGE** [1] - 2:2
**PAMurrayReporting@ gmail.com** [1] - 1:25
**paragraph** [29] - 4:17, 4:21, 4:22, 4:24, 5:9, 6:10, 6:17, 7:12, 7:13, 9:6, 10:6, 13:11, 13:14, 14:4, 14:8, 14:12, 16:10, 19:12, 24:3, 25:5, 26:4, 26:8, 26:18, 27:5, 29:5, 29:8, 29:10
**paragraphs** [2] - 4:19, 30:8
**parole** [1] - 3:20
**parse** [1] - 28:9
**part** [3] - 18:22, 18:23, 24:12
**participate** [2] - 19:21, 29:16
**particular** [2] - 24:17, 25:4
**parties** [5] - 8:25, 9:3, 14:20, 33:7, 33:8
**parties'** [1] - 8:1
**passenger** [1] - 17:19
**past** [2] - 23:19, 28:1
**Patrice** [5] - 1:19, 1:23, 33:2,

33:11, 33:12
**pay** [2] - 30:10, 30:12
**pending** [1] - 4:25
**Penn** [1] - 19:7
**people** [2] - 26:11, 26:15
**perfect** [1] - 21:24
**performing** [1] - 25:3
**period** [2] - 17:16, 27:20
**permission** [1] - 5:12
**person** [3] - 6:14, 22:1, 22:25
**person's** [2] - 23:2, 26:10
**personally** [1] - 3:7
**pertinent** [1] - 8:18
**pistol** [1] - 23:2
**place** [4] - 3:21, 25:13, 33:3, 33:5
**placed** [1] - 30:1
**places** [2] - 7:20, 14:13
**Plaintiff** [1] - 1:4
**play** [2] - 21:17, 21:20
**played** [1] - 24:12
**pleadings** [2] - 8:1, 8:18
**pleases** [1] - 22:5
**pled** [2] - 3:14, 6:24
**plus** [2] - 11:16, 12:6
**PO** [2] - 1:24, 33:13
**point** [5] - 11:8, 11:24, 13:16, 19:8, 25:1
**points** [21] - 7:15, 7:17, 7:19, 10:6, 12:10, 13:13, 14:5, 14:6, 14:9, 14:10, 14:13, 17:8, 17:9, 17:10, 25:1, 25:2, 25:10, 25:16, 26:25
**poorly** [1] - 25:3
**poses** [2] - 25:23, 27:2
**position** [8] - 7:3, 11:4, 11:9, 12:2, 12:3, 12:17, 13:2, 13:3
**positive** [3] - 21:23, 22:1, 22:2
**possess** [1] - 29:23
**possessed** [4] - 13:5, 17:15, 17:16, 20:22
**possessing** [1] - 4:18
**possession** [5] - 3:16, 6:19, 12:15, 17:15, 20:22
**possibility** [1] - 3:20
**potential** [1] - 23:14
**practice** [2] - 15:6, 20:16
**pray** [1] - 22:13
**precedent** [1] - 11:8
**prelaw** [1] - 19:6
**preparation** [1] - 7:24
**present** [2] - 3:7, 3:9
**presentence** [5] - 3:12, 4:4, 5:2, 7:25, 24:3, 29:5, 29:8, 30:9
**primarily** [1] - 23:23
**prison** [8] - 3:19, 3:21, 17:24, 18:2, 18:8, 19:20, 27:14, 27:18

**Prisons** [2] - 29:1, 29:13
**Prisons'** [1] - 29:16
**pro** [4] - 8:15, 16:1, 18:11, 23:12
**probation** [17] - 3:22, 3:23, 4:21, 6:9, 6:11, 6:17, 6:21, 6:25, 7:11, 7:15, 9:11, 24:15, 24:24, 24:25, 25:4, 25:8, 29:25
**Probation** [2] - 3:10, 3:11
**PROBATION** [1] - 30:24
**problem** [1] - 22:11
**problems** [4] - 18:1, 18:6, 18:18
**Proceedings** [1] - 32:4
**proceedings** [3] - 3:1, 33:4, 33:5
**program** [2] - 29:17, 29:18
**programming** [1] - 19:21
**prohibited** [1] - 6:14
**properly** [2] - 13:9, 14:3
**protect** [1] - 22:12
**provided** [2] - 23:1, 23:20
**provides** [2] - 6:22, 7:19
**proximity** [1] - 29:13
**PSR** [2] - 23:15, 23:21
**Public** [2] - 1:12, 3:8
**pulled** [1] - 17:19
**punishable** [1] - 3:19
**punishment** [1] - 21:1
**purse** [1] - 23:2
**put** [1] - 23:1

**Q**

**qualify** [2] - 12:8, 13:15
**questions** [3] - 6:2, 6:4, 31:18
**quite** [1] - 23:16

**R**

**raised** [2] - 18:3, 27:23
**range** [7] - 7:22, 14:17, 15:19, 20:21, 28:20, 28:23
**Rapids** [7] - 1:10, 1:12, 1:18, 1:24, 18:5, 31:9, 33:13
**rea** [3] - 10:19, 10:20, 10:21
**real** [1] - 27:13
**realized** [1] - 17:2
**really** [1] - 16:18
**reasons** [4] - 11:15, 15:15, 15:25, 20:1
**receive** [2] - 7:4, 24:13
**received** [5] - 8:12, 25:5, 25:7, 25:10, 28:14
**recklessness** [3] - 10:19, 10:20, 13:24
**recognize** [1] - 11:25

*Contact Patrice Murray at PAMurrayReporting@gmail.com*
*for a complete copy of the transcript.*
Case 1:20-cr-00100-CJW-MAR   Document 63   Filed 04/06/22   Page 38 of 40

**recognized** [1] - 11:6
**recommend** [2] - 29:12, 29:15
**record** [5] - 5:4, 8:25, 14:25, 20:16, 33:5
**reduction** [2] - 7:1, 7:4
**regard** [3] - 13:18, 26:22, 29:10
**regarding** [7] - 10:4, 11:2, 12:14, 15:6, 25:24, 26:1, 27:10
**regardless** [1] - 12:20
**rejected** [1] - 12:2
**related** [1] - 33:6
**relative** [1] - 33:7
**release** [7] - 3:22, 24:15, 24:20, 25:22, 29:19, 29:25, 30:1
**relevant** [1] - 8:17
**relied** [1] - 12:3
**relies** [1] - 10:22
**rely** [4] - 10:7, 11:21, 11:23, 15:25
**remains** [3] - 13:3, 14:15, 15:3
**remanded** [1] - 30:14
**render** [1] - 13:22
**reoffending** [2] - 25:21, 27:2
**report** [20] - 3:12, 4:4, 4:8, 4:13, 5:2, 5:5, 5:7, 5:8, 5:10, 5:14, 5:19, 5:22, 6:1, 6:5, 8:1, 24:3, 29:5, 29:8, 30:9
**reported** [2] - 1:19, 33:3
**Reporter** [4] - 1:20, 1:23, 33:2, 33:12
**represent** [1] - 31:15
**represented** [2] - 3:6, 3:8
**request** [1] - 16:2
**require** [1] - 12:7
**residential** [1] - 29:17
**resisting** [1] - 15:15
**respond** [1] - 15:8
**response** [1] - 4:22
**responsibility** [5] - 7:1, 7:9, 20:24, 23:23, 28:3
**result** [1] - 26:21
**resulted** [4] - 7:14, 18:2, 25:15, 25:16
**resulting** [1] - 10:12
**return** [2] - 17:17, 17:18
**returning** [1] - 23:7
**review** [2] - 4:3, 4:12
**reviewed** [4] - 7:24, 8:1, 20:19, 26:23
**reviewing** [1] - 20:16
**revoked** [1] - 19:11
**Rice** [5] - 11:25, 12:2, 12:3, 13:19, 14:1
**rightful** [2] - 17:17, 17:18
**RMR** [2] - 1:23, 33:12
**role** [1] - 21:17

**rounds** [1] - 23:3
**rule** [3] - 9:2, 9:10, 11:10
**ruled** [1] - 17:6

## S

**S.E** [3] - 1:10, 1:12, 1:18
**sample** [1] - 29:24
**satisfy** [1] - 12:1
**saw** [1] - 4:16
**school** [2] - 18:24, 23:23
**score** [2] - 26:20, 26:24
**scored** [6] - 7:12, 13:9, 14:3, 25:1, 25:2, 25:17
**se** [4] - 8:15, 16:1, 18:11, 23:12
**seal** [2] - 8:7, 8:11
**sealed** [2] - 8:25, 14:25
**second** [2] - 10:3, 29:10
**seconds** [1] - 20:23
**section** [6] - 6:13, 6:19, 7:2, 7:5, 7:18, 12:4
**Section** [3] - 6:22, 22:21, 29:11
**Sections** [1] - 3:17
**security** [1] - 29:14
**seek** [1] - 5:11
**Senior** [1] - 3:11
**sense** [1] - 13:4
**sent** [1] - 5:7
**sentence** [21] - 3:21, 7:17, 14:11, 15:12, 15:18, 16:24, 17:21, 19:13, 19:25, 20:2, 20:7, 21:3, 21:18, 22:18, 28:20, 28:22, 28:23, 29:9, 31:4, 31:5, 31:12
**sentenced** [1] - 16:16
**SENTENCING** [1] - 1:15
**sentencing** [11] - 3:5, 8:2, 8:14, 8:16, 11:10, 11:12, 13:2, 16:14, 22:20, 25:6, 26:3
**serious** [1] - 26:9
**served** [4] - 3:20, 19:13, 29:3, 29:6
**services** - 31:13
**serving** [1] - 19:18
**set** [9] - 6:10, 9:13, 15:15, 18:25, 29:4, 30:5, 30:7, 30:8, 33:9
**seven** [2] - 18:9, 21:14
**Seventh** [2] - 1:10, 1:17
**short** [1] - 17:16
**Shorthand** [2] - 1:19, 33:2
**shorthand** [2] - 1:20, 33:4
**shown** [5] - 19:2, 19:3, 21:21, 21:22, 27:25
**shows** [1] - 25:18
**sidebar** [3] - 14:20, 14:22, 14:25
**significant** [3] - 16:5, 19:23,

21:17
**simple** [2] - 17:15, 19:22
**simply** [2] - 11:21, 28:16
**sit** [1] - 20:14
**sitting** [3] - 21:10, 21:13, 21:15
**situation** [3] - 21:1, 22:14, 22:15
**society** [1] - 23:22
**solve** [1] - 22:11
**sometimes** [3] - 28:11, 28:12
**son** [2] - 21:14, 22:7
**sons** [1] - 21:13
**sorry** [4] - 6:11, 29:9, 29:20, 30:6
**special** [4] - 4:1, 30:5, 30:7, 30:11
**specific** [1] - 25:24
**spiel** [1] - 20:15
**spiral** [1] - 18:12
**stake** [1] - 13:23
**stand** [1] - 16:2
**standard** [1] - 30:6
**state** [6] - 16:7, 17:1, 19:13, 19:20, 28:8, 29:22
**State** [1] - 33:2
**STATES** [2] - 1:1, 1:3
**States** [16] - 1:11, 3:3, 3:5, 3:6, 3:10, 3:11, 3:17, 4:2, 7:6, 9:14, 10:14, 22:21, 29:11, 30:10, 30:15, 30:21
**statute** [8] - 3:18, 9:17, 9:22, 10:17, 11:13, 11:14, 11:15, 12:25
**statutes** [2] - 12:1, 12:7
**still** [3] - 9:22, 10:21, 14:13
**stop** [2] - 19:7, 22:24
**stopped** [1] - 22:25
**struggled** [1] - 27:22
**struggles** [1] - 24:16
**subject** [2] - 25:5, 26:7
**submitted** [1] - 16:15
**subsequent** [1] - 6:15
**substance** [4] - 6:16, 24:6, 29:18, 29:23
**substances** [1] - 18:14
**succeed** [2] - 23:18, 28:1
**success** [1] - 23:14
**suffer** [2] - 27:15, 27:16
**sufficient** [2] - 5:22, 22:19
**suggest** [1] - 26:13
**suicide** [3] - 18:9, 18:10, 18:14
**Suite** [1] - 1:12
**summarized** [1] - 7:12
**supervised** [6] - 3:22, 24:14, 24:20, 25:22, 29:19, 30:1
**supervision** [2] - 25:9, 25:14
**support** [2] - 16:1, 24:2
**supporting** [1] - 24:5
**surrounding** [1] -

**sustain** [1] - 14:6
**sustaining** [1] - 6:15
**Sykes** [1] - 18:5

## T

**talk** [5] - 5:22, 9:3, 16:4, 22:8, 31:3
**talking** [1] - 9:15
**Tama** [1] - 19:11
**team** [1] - 23:17
**tell** [5] - 20:5, 21:6, 22:8, 22:9, 22:10
**teller** [1] - 21:6
**temper** [2] - 22:9, 22:10
**term** [9] - 3:21, 3:24, 15:18, 29:2, 29:4, 29:6, 29:7, 30:2
**terms** [1] - 25:9
**text** [3] - 9:20, 10:16, 12:25
**THE** [45] - 1:1, 1:1, 1:16, 3:2, 4:6, 4:10, 4:15, 5:4, 5:15, 5:20, 5:21, 5:24, 5:25, 6:3, 6:4, 6:6, 6:7, 7:8, 8:8, 8:10, 8:13, 8:21, 8:23, 10:1, 10:24, 12:13, 15:3, 15:21, 20:3, 20:12, 20:13, 20:14, 22:6, 22:7, 22:17, 30:19, 30:23, 30:25, 31:2, 31:17, 31:18, 31:20, 31:21, 31:25, 32:2
**therefore** [4] - 9:18, 12:9, 13:16, 16:18
**third** [1] - 7:7
**Third** [1] - 1:12
**timing** [6] - 19:22, 28:6, 28:10, 28:11, 28:14, 28:17
**Title** [3] - 3:17, 22:21, 29:11
**today** [5] - 6:4, 12:21, 21:10, 21:13, 31:19
**today's** [2] - 7:24, 8:18
**together** [1] - 5:14
**toll** [1] - 18:10
**took** [1] - 18:10
**top** [2] - 15:19, 28:19
**total** [5] - 7:10, 7:19, 7:21, 14:12, 14:16
**traffic** [1] - 22:24
**transcribed** [1] - 33:4
**Transcript** [2] - 1:21, 1:21
**transcript** [1] - 33:5
**treatment** [4] - 24:8, 24:14, 29:17, 29:18
**trouble** [1] - 24:13
**troubles** [1] - 21:24
**troubling** [1] - 24:22
**true** [1] - 33:5
**try** [1] - 28:9
**trying** [2] - 18:12, 22:12
**turmoil** [1] - 18:2
**turn** [1] - 6:7
**turning** [4] - 13:12, 18:14,

*Contact Patrice Murray at PAMurrayReporting@gmail.com*
*for a complete copy of the transcript.*
Case 1:20-cr-00100-CJW-MAR   Document 63   Filed 04/06/22   Page 39 of 40

22:23, 23:9
**two** [5] - 14:1, 14:19, 21:13, 21:16, 26:17
**type** [3] - 17:21, 25:19, 28:14

## U

**U.S** [1] - 1:10
**ultimately** [1] - 5:13
**uncomplicated** [2] - 24:10
**under** [18] - 6:12, 6:18, 7:1, 7:5, 7:17, 7:18, 8:7, 8:11, 11:13, 12:4, 12:5, 13:6, 13:10, 13:16, 14:11, 25:2, 29:10, 29:11
**understated** [2] - 26:22, 27:1
**understatement** [1] - 27:8
**undischarged** [1] - 29:3
**unfairness** [1] - 16:22
**unfortunate** [1] - 27:11
**unfortunately** [1] - 27:18
**UNITED** [2] - 1:1, 1:3
**United** [16] - 1:11, 3:3, 3:5, 3:6, 3:10, 3:11, 3:17, 4:2, 7:6, 9:14, 10:14, 22:21, 29:11, 30:10, 30:14, 30:21
**unlawfully** [1] - 29:23
**unless** [1] - 10:8
**up** [12] - 3:19, 3:22, 3:25, 8:25, 9:2, 10:3, 14:20, 14:22, 17:25, 27:11, 27:17, 31:11
**upward** [1] - 28:13
**use** [2] - 22:13, 29:23
**using** [3] - 1:20, 22:11, 25:12

## V

**vacate** [1] - 16:20
**variance** [10] - 8:3, 14:21, 15:4, 15:7, 15:16, 15:18, 16:2, 16:6, 25:25, 28:2
**vary** [6] - 18:20, 20:2, 27:7, 28:9, 28:13, 28:16
**varying** [2] - 15:24, 17:11
**vehicle** [3] - 17:19, 26:14, 26:15
**version** [1] - 11:14
**versions** [1] - 5:6
**versus** [3] - 3:3, 9:14, 10:14
**victim** [1] - 16:17
**victims** [1] - 27:13
**view** [1] - 24:22
**violate** [1] - 11:15
**violated** [1] - 25:11
**violation** [2] - 3:17, 6:22
**violations** [1] - 25:12
**violence** [7] - 6:16, 10:12, 11:20, 12:8, 14:3, 17:7, 24:25
**violent** [2] - 10:19, 13:15
**volunteered** [1] - 18:24

**VS** [1] - 1:5

## W

**Walker** [4] - 9:14, 11:7, 12:19, 12:20
**want** [6] - 10:4, 10:8, 16:3, 19:8, 22:13, 25:25
**warrant** [2] - 21:2, 28:22
**warrants** [1] - 17:21
**ways** [1] - 23:22
**weapon** [10] - 10:11, 11:20, 12:11, 13:15, 16:8, 16:9, 17:3, 17:4, 17:10, 26:3, 26:4, 26:15
**weapons** [8] - 6:21, 9:16, 9:17, 9:22, 11:2, 11:13, 11:17
**WestRock** [1] - 19:4
**WHEREOF** [1] - 33:9
**Whirlpool** [1] - 19:4
**willful** [10] - 10:11, 10:17, 10:21, 11:23, 12:4, 12:6, 12:10, 13:18, 17:6, 17:9
**William** [1] - 19:7
**WILLIAMS** [1] - 1:16
**Williams** [1] - 33:3
**wishes** [1] - 15:11
**WITNESS** [1] - 33:9
**words** [1] - 27:6
**work** [2] - 19:2, 23:18
**working** [1] - 23:16
**writ** [2] - 28:6, 28:15
**writted** [2] - 19:10, 19:23
**written** [2] - 31:7, 31:10
**writting** [1] - 19:15

## Y

**year** [1] - 23:16
**years** [12] - 3:19, 3:22, 3:24, 17:24, 18:9, 21:5, 21:14, 21:15, 23:10, 24:18, 24:22, 30:2
**years'** [1] - 25:8

*Contact Patrice Murray at PAMurrayReporting@gmail.com*
*for a complete copy of the transcript.*
Case 1:20-cr-00100-CJW-MAR   Document 63   Filed 04/06/22   Page 40 of 40