IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

   vs.                              No. CR20-0100-CJW

CHRISTOPHER LEE CUNGTION, JR.,      TRANSCRIPT OF
                                       PLEA TAKING

       Defendant.
_____/


       The Plea Taking held before the Honorable
Mark A. Roberts, Magistrate Judge of the United States
District Court for the Northern District of Iowa, at the
Federal Courthouse, 111 Seventh Avenue Southeast, Cedar
Rapids, Iowa, August 19, 2021, commencing at 10 a.m.


APPEARANCES

For the Plaintiff:    DAN CHATHAM, ESQ.
                        Assistant United States Attorney
                        111 Seventh Avenue Southeast
                        Cedar Rapids, IA 52401

For the Defendant:    SAMUEL OWEN CROSS, ESQ.
                        Assistant Federal Defender
                        Suite 290
                        222 Third Avenue Southeast
                        Cedar Rapids, IA  52401

Transcribed from     Shelly Semmler, RDR, CRR
digital recording by: 320 Sixth Street
                        Sioux City, IA  51101
                        (712) 233-3846

Contact Shelly Semmler at 712-233-3846 or ssemmlerreporting@gmail.com
Reproduction without written permission is prohibited.
Case 1:20-cr-00100-CJW-MAR  Document 65  Filed 04/07/22  Page 1 of 30

```
 1        (The following transcript was prepared from an audio

 2   recording.)

 3                            *  *  *  *

 4        THE COURT:  Please be seated.  The matter

 5   before the Court is the United States versus Christopher

 6   Lee Cungtion, Junior, Number 20-CR-100.  United States is

 7   represented by Assistant United States Attorney Dan

 8   Chatham.  The defendant is here in person with his

 9   attorney, Sam Cross.  The matter comes on for a change of

10   plea.

11        Mr. Cungtion, you've been charged by an indictment

12   that has one count.  It charges you with the crime of

13   possession of a firearm by a felon.  Have you received a

14   copy of that indictment, sir?

15             THE DEFENDANT:  Yes, Your Honor.

16             THE COURT:  Have you had a full opportunity to

17   discuss the charge in detail with Mr. Cross?

18             THE DEFENDANT:  I have, Your Honor.

19             THE COURT:  I understand that you intend to

20   plead guilty to Count 1 of the indictment this morning.

21   Is that correct?

22             THE DEFENDANT:  Yes, Your Honor.

23             THE COURT:  You need to understand that I'm a

24   United States magistrate judge.  And the case has also

25   been assigned to a United States District Court judge.
```

*Contact Shelly Semmler at 712-233-3841 or ssemmlerreporting@gmail.com*
*Reproduction of this transcript is prohibited without authorization.*
Case 1:20-cr-00100-CJW-MAR   Document 65   Filed 04/07/22   Page 2 of 30

1  And you have the right to have a district court judge

2  preside over your guilty plea proceeding.  I can preside

3  over the hearing today but only with your voluntary

4  consent.  Is it agreeable with you that I preside over

5  this hearing?

6          THE DEFENDANT:  It is, Your Honor.

7          THE COURT:  Let the record also reflect that at

8  the commencement of the hearing I was provided a written

9  consent to proceed before a magistrate judge.  It appears

10  to be signed by Mr. Cungtion and Mr. Cross.  So,

11  Mr. Cungtion, with your consent, I will preside over the

12  hearing today.  And during the hearing I need to ask you

13  some questions, and your answers to my questions have to

14  be under oath.  So at this point I'm going to ask you to

15  please raise your right hand so I can administer the

16  oath.

17          CHRISTOPHER CUNGTION, DEFENDANT, SWORN

18          THE COURT:  You are now under oath.  And if you

19  knowingly lie or make a false statement, the government

20  could charge you with the crimes of perjury or making a

21  false statement.  And if you're convicted of one of those

22  offenses, you could be sentenced to a period of

23  imprisonment and fined.  Do you understand that?

24          THE DEFENDANT:  Yes, Your Honor.

25          THE COURT:  It's important then that you answer

*Contact Shelly Semmler at 712-233-3841 or ssemmlerreporting@gmail.com*
*Reproduction of transcript prohibited without permission*
Case 1:20-cr-00100-CJW-MAR   Document 65   Filed 04/07/22   Page 3 of 30

1  my questions truthfully because if you were to lie or

2  make a false statement today, the government could use

3  that very statement against you to charge you with those

4  offenses.  Do you understand that?

5          THE DEFENDANT:  Yes, sir.

6          THE COURT:  Now, the first few questions I have

7  for you aren't meant to pry.  I just need to be sure that

8  you're in a mental state today where you can voluntarily

9  and knowingly enter a guilty plea.

10     Would you please state your full name.

11         THE DEFENDANT:  Christopher Lee Cungtion,

12 Junior.

13         THE COURT:  How old are you, Mr. Cungtion?

14         THE DEFENDANT:  28 years old.

15         THE COURT:  And how far have you gone in

16 school?

17         THE DEFENDANT:  Some college.

18         THE COURT:  Do you have any difficulty reading

19 or understanding the English language?

20         THE DEFENDANT:  No, Your Honor.

21         THE COURT:  Have you ever suffered from

22 depression, anxiety, or any other mental illness?

23         THE DEFENDANT:  Yes, anxiety and depression.

24         THE COURT:  Do you think that mental health

25 condition would interfere with your ability to understand

Contact Shelly Semmler at 712-233-3841 or ssemmlerreporting@gmail.com
Reproduction complete copy of this transcript
Case 1:20-cr-00100-CJW-MAR   Document 65   Filed 04/07/22   Page 4 of 30

```
 1   these proceedings here today?

 2           THE DEFENDANT:  No, sir.

 3           THE COURT:  Have you ever used illegal drugs or

 4   abused alcohol?

 5           THE DEFENDANT:  Yes.

 6           THE COURT:  Do you think your prior drug or

 7   alcohol use might affect your ability to understand the

 8   proceedings here today?

 9           THE DEFENDANT:  No, Your Honor.

10           THE COURT:  Are you taking any medication or

11   prescription drugs for any mental or physical condition?

12           THE DEFENDANT:  Yes, Your Honor.

13           THE COURT:  Do you think your medication would

14   interfere with your ability to understand the proceedings

15   here today?

16           THE DEFENDANT:  No, sir.

17           THE COURT:  Do you know of any reason that you

18   might have difficulty understanding these proceedings?

19           THE DEFENDANT:  No, sir.

20           THE COURT:  It's important that you do

21   understand everything that happens here today, so if

22   there is something that you don't understand, would you

23   please stop me and let me know?

24           THE DEFENDANT:  Yes, Your Honor.

25           THE COURT:  And also we're not in any hurry, so
```

Contact Shelly Semmler at 712-233-3841 or ssemmlerreporting@gmail.com
Reproduction without permission of the transcriber.
Case 1:20-cr-00100-CJW-MAR   Document 65   Filed 04/07/22   Page 5 of 30

1   if you do want to stop and visit with Mr. Cross about

2   anything that comes up, we'll certainly make time for the

3   two of you to discuss that privately.

4        Mr. Cross, do you have any reason to believe that

5   Mr. Cungtion is not competent to enter a guilty plea?

6                MR. CROSS:  No, Your Honor.

7                THE COURT:  At this point, Mr. Cungtion, I need

8   to talk to you about all the rights that you'll be giving

9   up if you do plead guilty today.  First of all, you don't

10  have to plead guilty here today.  You can go forward and

11  have a jury trial on this charge if you'd prefer.  Do you

12  understand that?

13               THE DEFENDANT:  Yes, Your Honor.

14               THE COURT:  You also have the right to have a

15  lawyer help and represent you during every stage of this

16  case.  In this case the Court appointed Mr. Cross to

17  represent you.  And if you wanted to go to trial and

18  fight these charges, he would continue to represent you

19  all the way through that trial at no expense to you.  Do

20  you understand your right to an attorney?

21               THE DEFENDANT:  Yes, Your Honor.

22               THE COURT:  Have you been generally satisfied

23  with the services provided by Mr. Cross?

24               THE DEFENDANT:  I have, Your Honor.

25               THE COURT:  You also have the right to have a

Contact Shelly Semmler at 712-233-3841 or ssemmlerreporting@gmail.com
Reproduction or transcript copying is prohibited
Case 1:20-cr-00100-CJW-MAR   Document 65   Filed 04/07/22   Page 6 of 30

speedy and public trial before a jury of 12 people
selected from a cross-section of the community. Both you
and Mr. Cross would have a role in selecting the people
who would serve on the jury. Those jurors would swear
under oath to try your case fairly based only on the
evidence admitted at trial and based on the law as given
to them by the judge.

Any verdict by the jury would have to be unanimous
which means that all 12 people on the jury would have to
agree on the verdict. Do you understand your right to a
jury trial?

THE DEFENDANT: Yes, sir.

THE COURT: There's also a presumption of
innocence. That means if your case went to trial, the
judge would tell the jury that you're presumed innocent
of these charges, and that presumption of innocence could
only be overcome if the government produced evidence that
proved your guilt beyond a reasonable doubt. In fact,
the trial judge would tell the jury that the presumption
of innocence alone could be enough for you to be found
not guilty. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: You also have the right to
confrontation. That means if the case went to trial, the
government would have to call its witnesses here in open

1   court.  You'd have a right to see those witnesses, and

2   they could see you.  You wouldn't have to confront the

3   government's witnesses if you didn't want to, but if you

4   wanted to challenge their testimony, you could do so by

5   having your attorney cross-examine them.

6       But if you plead guilty here today, you'll be giving

7   up your right to confront witnesses on these charges.  Do

8   you understand that?

9           THE DEFENDANT:  Yes, Your Honor.

10          THE COURT:  You also have the right to present

11  a defense.  In a criminal case like this, the burden of

12  proof is always on the government, and it would never

13  shift to you.  So if your case went to trial, you

14  wouldn't have to produce any evidence if you didn't want

15  to.  But if you wanted to present a defense, you could.

16  For example, you could call witnesses or offer exhibits

17  into evidence.  And if you couldn't afford to have

18  witnesses served with subpoenas or get those witnesses

19  here to the courthouse, I'd make the government pay those

20  expenses for you.

21      But again, Mr. Cungtion, if you plead guilty here

22  today, you'll be giving up your right to present a

23  defense to these charges.  Do you understand that?

24          THE DEFENDANT:  Yes, Your Honor.

25          THE COURT:  Finally, you have the right to

Contact Shelly Semmler at 712-233-3841 or ssemmlerreporting@gmail.com
Reproduction without permission is prohibited by law.
Case 1:20-cr-00100-CJW-MAR   Document 65   Filed 04/07/22   Page 8 of 30

1    remain silent.  You could testify at your trial if you

2    wanted to, but you wouldn't have to testify.  And nobody

3    could make you testify.  And if you chose not to testify,

4    the prosecutor wouldn't say anything about that to the

5    jury, and the judge would instruct the jurors they could

6    not take into account in any way or even discuss among

7    themselves the fact that you did not testify in arriving

8    at the verdict.  Do you understand that?

9            THE DEFENDANT:  Yes, sir.

10           THE COURT:  In summary, Mr. Cungtion, if you

11   plead guilty here today, there will be no trial.  You

12   will be found guilty based on your plea just as if there

13   had been a trial and just as if a jury had deliberated

14   and returned a guilty verdict against you.  Do you

15   understand that?

16           THE DEFENDANT:  Yes, sir.

17           THE COURT:  Now, before I can recommend that

18   the district court judge accept your guilty plea, I need

19   to be satisfied that you are, in fact, guilty as charged

20   in the indictment.  And for you to be found guilty of

21   possession of a firearm by a felon as charged in Count 1

22   of the indictment, the government would have to prove

23   three things beyond a reasonable doubt.

24       I'm going to go over those three things with you

25   now.  In fact, what I'll do is I'll read each of them

Contact Shelly Semmler at 712-233-3841 or ssemmlerreporting@gmail.com
Reproduction without permission of the transcriber prohibited
Case 1:20-cr-00100-CJW-MAR   Document 65   Filed 04/07/22   Page 9 of 30

1  twice.  The first time I read one, I'll just find out if

2  you understand it.  Then I'll read it again, and I'll ask

3  you if it's true.

4       So the first thing the government would have to

5  prove is that on or about September 7, 2020, in the

6  Northern District of Iowa you knowingly possessed a

7  firearm, a Hi-Point model C9, 9-millimeter pistol.  Do

8  you understand the first thing the government would have

9  to prove?

10         THE DEFENDANT:  Yes, Your Honor.

11         THE COURT:  Is it true that on or about

12  September 7, 2020, in the Northern District of Iowa you

13  knowingly possessed a firearm, a Hi-Point model C9,

14  9-millimeter pistol?

15         THE DEFENDANT:  It is, Your Honor.

16         THE COURT:  The second thing the government

17  would have to prove is at the time you possessed the

18  firearm you were prohibited from possessing a firearm

19  because you had previously been and knew you had

20  previously been convicted of a crime punishable by

21  imprisonment for a term exceeding one year, specifically,

22  intimidation with a dangerous weapon and willful injury

23  resulting in bodily injury in the Iowa District Court for

24  Tama County, Case Number FECR016068.  Do you understand

25  the second thing the government would have to prove?

Contact Shelly Semmler at 712-233-3841 or ssemmlerreporting@gmail.com
Case 1:20-cr-00100-CJW-MAR  Document 65  Filed 04/07/22  Page 10 of 30
Reported by Shelly Semmler, RMR, RDR Official Court Transcriber

1          THE DEFENDANT:  Yes, Your Honor.

2          THE COURT:  And is it true that you possessed

3    the firearm -- I'm sorry, at the time you possessed the

4    firearm you were prohibited from possessing a firearm

5    because you had previously been and knew you had

6    previously been convicted of a crime punishable by

7    imprisonment for a term exceeding one year, specifically,

8    intimidation with a dangerous weapon and willful injury

9    resulting in bodily injury in the Iowa District Court for

10   Tama County, Case Number FECR016068?  Is all of that

11   true?

12         THE DEFENDANT:  Yes, sir.

13         THE COURT:  Then the third thing the government

14   would have to prove is that the firearm was transported

15   across a state line at some time during or before you had

16   possession of it.  Do you understand the third thing the

17   government would have to prove?

18         THE DEFENDANT:  Yes, Your Honor.

19         THE COURT:  And is it true that the firearm was

20   transported across a state line at some time during or

21   before you had possession of it?

22         THE DEFENDANT:  Yes, sir.

23         THE COURT:  Now, the parties have entered into

24   a plea agreement which in this case is in the form of a

25   August 16, 2021, letter to Mr. Cross from Mr. Chatham,

*Contact Shelly Semmler at 712-233-3840 or ssemmlerreporting@gmail.com*
*Reproduced without permission prohibited by law.*
Case 1:20-cr-00100-CJW-MAR   Document 95   Filed 04/07/22   Page 11 of 30

and it's been marked as Government's Exhibit 1.

Mr. Chatham, is that being offered into evidence at this time?

MR. CHATHAM: Yes, Your Honor. We would offer it under seal.

* * * *

(Government Exhibit 1 was offered.)

* * * *

THE COURT: Any objection, Mr. Cross?

MR. CROSS: No, Your Honor.

THE COURT: Government's Exhibit 1 is admitted under seal.

* * * *

(Government Exhibit 1 was admitted.)

* * * *

THE COURT: Mr. Cungtion, do you have a copy of that in front of you?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Could you turn with me, please, to the very last page of the plea agreement? I think you'll see there that someone has typed your name with a signature line, and on top of that signature line I see a signature dated August 16 of this year. Is that your signature?

THE DEFENDANT: Yes, Your Honor.

```
 1              THE COURT:  Did you review the plea agreement
 2   in detail and in its entirety with Mr. Cross before you
 3   signed it?
 4              THE DEFENDANT:  Yes, sir.
 5              THE COURT:  By signing it, did you intend to
 6   indicate that you read, understood, and agreed to the
 7   terms of the plea agreement?
 8              THE DEFENDANT:  Yes, sir.
 9              THE COURT:  Now, I don't want you to tell me
10   about the substance of your conversations with Mr. Cross,
11   but do you feel that you had plenty of time to discuss
12   this plea agreement with Mr. Cross before you signed it?
13              THE DEFENDANT:  Yes, sir.
14              THE COURT:  Do you also believe that you had
15   plenty of time to ask him questions about it before you
16   signed it?
17              THE DEFENDANT:  Yes, sir.
18              THE COURT:  Was Mr. Cross able to answer all of
19   your questions to your satisfaction?
20              THE DEFENDANT:  Yes, sir.
21              THE COURT:  As we sit here today, do you have
22   any questions whatsoever about the plea agreement that
23   you reached with the government?
24              THE DEFENDANT:  No, Your Honor.
25              THE COURT:  If you could turn with me then,
```

1  Mr. Cungtion, to page -- I guess it's page 6 of the plea
2  agreement, you'll see a section there called Stipulation
3  of Facts beginning with paragraph 15.  And it continues
4  with paragraphs 15A through E on to the next page.  And
5  next to each of those paragraphs I see the initials;
6  appears to be C.C.  Are those your initials in each of
7  those places?

8          THE DEFENDANT:  Yes, Your Honor.

9          THE COURT:  By placing your initials there, did
10 you intend to indicate that the information contained in
11 those paragraphs is true and correct?

12         THE DEFENDANT:  I did, Your Honor.

13         THE COURT:  In fact, throughout this plea
14 agreement, wherever I see those blanks, I see those same
15 initials.  Are those your initials in each of those
16 places also?

17         THE DEFENDANT:  Yes, they are.

18         THE COURT:  Did you place your initials there
19 to indicate that you read, understood, and agreed to the
20 terms of each of those paragraphs?

21         THE DEFENDANT:  Yes, sir.

22         THE COURT:  Mr. Chatham, did I accurately
23 describe the elements of the charge?

24         MR. CHATHAM:  Yes, Your Honor.

25         THE COURT:  Have I established an adequate

Contact Shelly Semmler at 712-233-3841 or ssemmlerreporting@gmail.com
Case 1:20-cr-00100-CJW-MAR   Document 65   Filed 04/07/22   Page 14 of 30
Appeal Case 22-1801   Page 14 of transcript

1    factual basis for the guilty plea?

2              MR. CHATHAM:  Yes, Your Honor.

3              THE COURT:  Mr. Cross, do you think that

4    Mr. Cungtion understands the elements of the charge

5    against him?

6              MR. CROSS:  Yes, Your Honor.

7              THE COURT:  Have I established an adequate

8    factual basis for his plea?

9              MR. CROSS:  Yes, Your Honor.

10             THE COURT:  Have you had full access to the

11   government's discovery materials?

12             MR. CROSS:  Yes, Your Honor.

13             THE COURT:  Do you believe they support a

14   factual basis for Mr. Cungtion's guilty plea?

15             MR. CROSS:  I do, Your Honor.

16             THE COURT:  Do you know of any possible defense

17   to the charge that you have not considered and discussed

18   with him?

19             MR. CROSS:  No, Your Honor.

20             THE COURT:  At this point, Mr. Cungtion, I need

21   to talk to you about the penalties that apply in this

22   case.  I know they're covered by your plea agreement we

23   were just discussing, and I'm sure it's something that

24   you and Mr. Cross have discussed.  I just want to make

25   sure for the purposes of our record here that you do

Contact Shelly Semmler at 712-233-3841 or ssemmlerreporting@gmail.com
Reproduced from digitally filed official transcript

Case 1:20-cr-00100-CJW-MAR   Document 65   Filed 04/07/22   Page 15 of 30

1    understand what you're facing.

2         Count 1 of the indictment is punishable by the

3    following maximum penalties:  First, not more than 10

4    years' imprisonment without the possibility of parole;

5    second, a fine of not more than $250,000; third, a

6    mandatory special assessment of $100; and, finally, a

7    term of supervised release of not more than 3 years.

8         Now, those penalties can become more severe

9    depending on your criminal history, some of which we've

10   touched on here today.  Have you had a full opportunity

11   to discuss your criminal history in detail with

12   Mr. Cross?

13              THE DEFENDANT:  I have, Your Honor.

14              THE COURT:  Then the two of you will have some

15   idea if these more serious penalties could come into

16   play, but I do want to touch on them.  If the court finds

17   that you have 3 previous convictions for a violent felony

18   or a serious drug offense or both committed on occasions

19   different from one another, then Count 1 is punishable by

20   a mandatory minimum sentence of 15 years' imprisonment

21   without the possibility of parole and the following

22   maximum penalties:  First, not more than life

23   imprisonment without the possibility of parole; second, a

24   fine of not more than $250,000; third, mandatory special

25   assessment of $100; and, finally, a term of supervised

Case 1:20-cr-00100-CJW-MAR   Document 95   Filed 04/07/22   Page 16 of 30

1 release of not more than 5 years.

2 　　　Do you understand the maximum and minimum penalties

3 which may be imposed in your case?

4 　　　　　THE DEFENDANT:  Yes, sir.

5 　　　　　THE COURT:  At the time of your sentencing, the

6 judge will perform a calculation under the federal

7 sentencing guidelines that are issued by the United

8 States Sentencing Commission.  And this calculation will

9 result in what's called an advisory guideline range.

10 This is just a range of months within which the

11 sentencing commission suggests that the judge should

12 sentence you based on your crime and your background.

13 The judge has to consider this advisory range in

14 determining your sentence, but the judge is not bound to

15 sentence you within that range.  The judge can give you

16 more time or less time, that is, depart upward or

17 downward from the advisory guideline range, based on

18 factors that are listed in those guidelines and in the

19 sentencing statutes.

20 　　　So it's important for you to understand,

21 Mr. Cungtion, that the sentence ultimately imposed by the

22 judge in this case could be different from what those

23 advisory guidelines suggest that it should be, and it

24 could be different from what Mr. Cross may have estimated

25 or predicted that you might receive, and it could be all

Contact Shelly Semmler at 712-233-3841 or ssemmlerreporting@gmail.com
Case 1:20-cr-00100-CJW-MAR　Document 65　Filed 04/07/22　Page 17 of 30
Appellate Court Reporter Official Transcript

1   the way up to the statutory maximum which in this case is
2   10 years' imprisonment without the possibility of parole.
3   Or if you have those 3 previous convictions we were just
4   discussing, you could be facing life imprisonment.  Do
5   you understand all of that?
6           THE DEFENDANT:  Yes, Your Honor.
7           THE COURT:  Also if you have those 3 previous
8   convictions, you should understand that how ever the
9   guideline range is calculated and regardless of whether
10  the judge departs or varies from those guidelines, the
11  judge under those circumstances could not sentence you
12  below 15 years because that's the statutory mandatory
13  minimum.  Do you understand that?
14          THE DEFENDANT:  Yes, Your Honor.
15          THE COURT:  You should understand that you will
16  be in custody for all of any prison sentence you receive
17  reduced only by any credit that you might earn for good
18  behavior while you're in prison.  You can earn some
19  percentage off your sentence for good behavior, but you
20  won't be seeing a parole board or be paroled early out of
21  prison because there is no parole in the federal court
22  system.  Do you understand that?
23          THE DEFENDANT:  Yes, sir.
24          THE COURT:  Are you a U.S. citizen?
25          THE DEFENDANT:  I am.

Contact Shelly Semmler at 712-233-3841 or ssemmlerreporting@gmail.com
Reported by computer-aided transcription
Case 1:20-cr-00100-CJW-MAR   Document 95   Filed 04/07/22   Page 18 of 30

                THE COURT:  This is a felony offense, so as a
result of your conviction, you'll lose the right to vote,
to hold public office, to serve on a jury, and to possess
firearms and ammunition.  Do you understand the loss of
citizenship rights that are associated with a felony
conviction?

                THE DEFENDANT:  Yes, Your Honor.

                THE COURT:  Now, I mentioned that after you've
served your prison sentence you'll be placed on a term of
supervised release.  In this case it could be up to five
years.  And during that time your conduct will be
monitored by a United States probation officer.  At the
time of your sentencing, the judge will impose certain
conditions on that supervised release.  There are some
standard conditions that apply in everybody's case,
things like you can't commit a federal, state, or a local
crime.  And you can't possess or use controlled
substances.  It's likely that the sentencing judge will
impose some other conditions on you as well.

            So it's important for you to understand,
Mr. Cungtion, that while you're on supervised release,
you have to comply with all of the terms of that
supervised release because if you violate any of them,
the judge could revoke that supervised release and send
you back to prison for all of the time you would

```
 1   otherwise be on supervised release.  And the judge
 2   doesn't have to give you any credit for any time that you
 3   might have served on supervised release without having
 4   any violations.  Do you understand all that?
 5           THE DEFENDANT:  Yes, Your Honor.  However, in
 6   your first explanation of the supervised release, I
 7   understood that you said it was three years, and I know
 8   it may be insignificant, but in the second reiteration
 9   you said five.
10           THE COURT:  I did say five years.  And the
11   reason I do that is it's kind of one of my jobs to give
12   you the worst-case scenarios.  If you don't have those
13   three previous convictions that we were talking about,
14   under that circumstance you'll be facing three years on
15   supervised release.  But if you do have those three
16   previous convictions, then it could be up to five years.
17   And that tells me you've been listening.  You understand
18   it with that explanation?
19           THE DEFENDANT:  Yes, Your Honor.
20           THE COURT:  Mr. Chatham, are you aware of other
21   collateral consequences that could arise as a result of
22   Mr. Cungtion's guilty plea that you'd like me to discuss
23   with him?
24           MR. CHATHAM:  No, Your Honor.
25           THE COURT:  Mr. Cungtion, if you plead guilty
```

*Contact Shelly Semmler at 712-233-3841 or ssemmlerreporting@gmail.com*
*Reproduced from electronically filed and/or transcribed*
Case 1:20-cr-00100-CJW-MAR   Document 95   Filed 04/07/22   Page 20 of 30

1  here today, I'm going to order a presentence

2  investigation.  A probation officer will conduct a

3  thorough investigation of your case and your background

4  to draft a presentence investigation report.  It's my

5  understanding that takes about 70 days to complete.

6  Might be sort of a quiet period during your case, and

7  Mr. Cross may not have as many reasons to be in

8  communications with you.  But don't worry.  Neither he

9  nor the probation office will have forgotten about you.

10 It just takes a while to get those reports put together.

11      When you do receive a draft of that report, it's

12 important that you go over it carefully with Mr. Cross

13 and that you point out any errors or omissions that you

14 might notice so he can bring those to the attention of

15 the probation office and get them corrected because at

16 the time of your sentencing the judge will rely heavily

17 on that report in trying to determine the most

18 appropriate sentence for you.  So it's in your interest

19 to make sure it's accurate.

20      When that report's final, the court will schedule

21 your sentencing hearing, and at that sentencing hearing

22 both you and the government can present evidence, and

23 you'll be given a chance to talk directly to the judge,

24 and you can tell the judge anything that you think is

25 important to consider in determining your sentence.  Do

Case 1:20-cr-00100-CJW-MAR  Document 65  Filed 04/07/22  Page 21 of 30

```
1   you have any questions about the sentencing procedures
2   that would follow a guilty plea in this case?
3              THE DEFENDANT:  No, Your Honor.
4              THE COURT:  Both you and the government have a
5   right to appeal the sentence to the Eighth Circuit Court
6   of Appeals.  Do you have any questions regarding your
7   rights to appeal?
8              THE DEFENDANT:  No, Your Honor.
9              THE COURT:  Mr. Cungtion, if you plead guilty
10  and the district court judge accepts that guilty plea,
11  you'll have no right to withdraw that guilty plea later
12  even if you change your mind or even if you're unhappy
13  with the sentence ultimately imposed by the judge.  Do
14  you understand that?
15             THE DEFENDANT:  Yes, Your Honor.
16             THE COURT:  Has anyone forced, pressured, or
17  threatened you in any way to get you to plead guilty or
18  made any promises to get you to plead guilty other than
19  what's in the plea agreement?
20             THE DEFENDANT:  No, Your Honor.
21             THE COURT:  Mr. Cross, do you believe a guilty
22  plea in this case would be voluntary?
23             MR. CROSS:  Yes, Your Honor.
24             THE COURT:  Do you know of any legal reason why
25  the plea should not be accepted?
```

Contact Shelly Semmler at 712-233-3841 or ssemmlerreporting@gmail.com
Case 1:20-cr-00100-CJW-MAR Document 65 Filed 04/07/22 Page 22 of 30
Reported on computer-aided transcription

```
 1              MR. CROSS:  No, Your Honor.
 2              THE COURT:  Do you know of anything the Court
 3    has omitted which could affect the validity of the plea?
 4              MR. CROSS:  No, Your Honor.
 5              THE COURT:  Mr. Chatham, do you know of
 6    anything the Court has omitted which could affect the
 7    validity of the plea?
 8              MR. CHATHAM:  No, Your Honor.
 9              THE COURT:  Well, Mr. Cungtion, we've covered
10    lots of information here this morning, and I do want to
11    take a moment to be sure that you understood it all so
12    you don't come back next week or next month or next year
13    and say that you didn't understand something or that
14    somebody forced or pressured you to plead guilty.  Have
15    you been able to understand everything we've talked
16    about?
17              THE DEFENDANT:  I have, Your Honor.
18              THE COURT:  Do you have any questions about any
19    of it?
20              THE DEFENDANT:  No, sir.
21              THE COURT:  Has anyone forced or pressured you
22    to plead guilty?
23              THE DEFENDANT:  No, Your Honor.
24              THE COURT:  Is your decision to plead guilty a
25    voluntary decision?
```

1          THE DEFENDANT:  It is, Your Honor.

2          THE COURT:  Then formally and for the record,

3    how do you plead to Count 1 of the indictment which

4    charges you with the crime of possession of a firearm by

5    a felon?  Guilty or not guilty?

6          THE DEFENDANT:  Guilty.

7          THE COURT:  The record will reflect that the

8    defendant has pleaded guilty to Count 1 of the

9    indictment.

10        I find that the defendant is competent, he fully

11   understands the charge against him, there's a factual

12   basis for his plea, he knows the minimum and maximum

13   punishments that could be imposed on the charge, and he

14   knows his jury rights and has voluntarily waived those

15   rights.

16        I further find that the defendant's decision to

17   plead guilty was voluntary, knowing, and not the result

18   of any force, pressure, threats, or promises other than

19   the promises made by the government in the plea

20   agreement.

21        Therefore, I conclude the defendant should be found

22   guilty based on his plea of guilty.

23        I will sign and file a report and recommendation

24   recommending that the district court judge accept the

25   defendant's guilty plea.

```
 1          The parties will have 14 days from the filing of
 2     that report to file objections to it.  If no objection is
 3     made, then the district court judge may accept my
 4     recommendation and the defendant's guilty plea by simply
 5     entering a written order doing so.  I hereby order a
 6     presentence investigation.
 7          Mr. Cungtion, as I mentioned, the court will
 8     schedule your sentencing in this matter at a later date.
 9     In the meantime you'll remain detained.  Do you have any
10     questions about anything we've discussed here today?
11               THE DEFENDANT:  No, Your Honor.
12               THE COURT:  Good luck to you.
13          Mr. Chatham, is there anything further on behalf of
14     the United States?
15               MR. CHATHAM:  No, Your Honor.
16               THE COURT:  Mr. Cross, anything on behalf of
17     Mr. Cungtion?
18               MR. CROSS:  No, Your Honor.
19               THE COURT:  Thank you all.  That will conclude
20     our hearing.
21               (The plea was concluded at 10:21 a.m.)
22                         CERTIFICATE
            I certify that the foregoing is a correct
23     transcript to the best of my ability from the digital
       recording of proceedings in the above-entitled matter.
24          S/Shelly Semmler                3-31-22
             Shelly Semmler, RDR, CRR          Date
25
```

Contact Shelly Semmler at 712-233-3841 or ssemmlerreporting@gmail.com
Reporters transcript: not file and the transcript
Case 1:20-cr-00100-CJW-MAR   Document 65   Filed 04/07/22   Page 25 of 30

## $

**$100** [2] - 16:6, 16:25
**$250,000** [2] - 16:5, 16:24

## 1

**1** [10] - 2:20, 9:21, 12:1, 12:7, 12:11, 12:14, 16:2, 16:19, 24:3, 24:8
**10** [3] - 1:11, 16:3, 18:2
**10:21** [1] - 25:21
**111** [2] - 1:10, 1:14
**12** [2] - 7:1, 7:9
**14** [1] - 25:1
**15** [3] - 14:3, 16:20, 18:12
**15A** [1] - 14:4
**16** [2] - 11:25, 12:23
**19** [1] - 1:11

## 2

**20-CR-100** [1] - 2:6
**2020** [2] - 10:5, 10:12
**2021** [2] - 1:11, 11:25
**222** [1] - 1:17
**233-3846** [1] - 1:20
**28** [1] - 4:14
**290** [1] - 1:17

## 3

**3** [4] - 16:7, 16:17, 18:3, 18:7
**3-31-22** [1] - 25:24
**320** [1] - 1:19

## 5

**5** [1] - 17:1
**51101** [1] - 1:20
**52401** [2] - 1:15, 1:18

## 6

**6** [1] - 14:1

## 7

**7** [2] - 10:5, 10:12
**70** [1] - 21:5
**712** [1] - 1:20

## 9

**9-millimeter** [2] - 10:7, 10:14

## A

**a.m** [2] - 1:11, 25:21
**ability** [4] - 4:25, 5:7, 5:14, 25:23
**able** [2] - 13:18, 23:15
**above-entitled** [1] - 25:23
**abused** [1] - 5:4
**accept** [3] - 9:18, 24:24, 25:3
**accepted** [1] - 22:25
**accepts** [1] - 22:10
**access** [1] - 15:10
**account** [1] - 9:6
**accurate** [1] - 21:19
**accurately** [1] - 14:22
**adequate** [2] - 14:25, 15:7
**administer** [1] - 3:15
**admitted** [3] - 7:6, 12:11, 12:14
**advisory** [4] - 17:9, 17:13, 17:17, 17:23
**affect** [3] - 5:7, 23:3, 23:6
**afford** [1] - 8:17
**agree** [1] - 7:10
**agreeable** [1] - 3:4
**agreed** [2] - 13:6, 14:19
**agreement** [11] - 11:24, 12:20, 13:1, 13:7, 13:12, 13:22, 14:2, 14:14, 15:22, 22:19, 24:20
**alcohol** [2] - 5:4, 5:7
**alone** [1] - 7:20
**AMERICA** [1] - 1:3
**ammunition** [1] - 19:4
**answer** [2] - 3:25, 13:18
**answers** [1] - 3:13
**anxiety** [2] - 4:22, 4:23
**appeal** [2] - 22:5, 22:7
**Appeals** [1] - 22:6
**APPEARANCES** [1] - 1:12
**apply** [2] - 15:21, 19:15
**appointed** [1] - 6:16
**appropriate** [1] - 21:18
**arise** [1] - 20:21
**arriving** [1] - 9:7
**assessment** [2] - 16:6, 16:25
**assigned** [1] - 2:25
**Assistant** [3] - 1:14, 1:16, 2:7
**associated** [1] - 19:5
**attention** [1] - 21:14
**attorney** [3] - 2:9, 6:20, 8:5
**Attorney** [2] - 1:14, 2:7
**audio** [1] - 2:1
**August** [3] - 1:11, 11:25, 12:23
**Avenue** [3] - 1:10, 1:14,

1:17
**aware** [1] - 20:20

## B

**background** [2] - 17:12, 21:3
**based** [6] - 7:5, 7:6, 9:12, 17:12, 17:17, 24:22
**basis** [4] - 15:1, 15:8, 15:14, 24:12
**become** [1] - 16:8
**beginning** [1] - 14:3
**behalf** [2] - 25:13, 25:16
**behavior** [2] - 18:18, 18:19
**below** [1] - 18:12
**best** [1] - 25:23
**beyond** [2] - 7:18, 9:23
**blanks** [1] - 14:14
**board** [1] - 18:20
**bodily** [2] - 10:23, 11:9
**bound** [1] - 17:14
**bring** [1] - 21:14
**burden** [1] - 8:11

## C

**C.C** [1] - 14:6
**C9** [2] - 10:7, 10:13
**calculated** [1] - 18:9
**calculation** [2] - 17:6, 17:8
**carefully** [1] - 21:12
**Case** [2] - 10:24, 11:10
**case** [20] - 2:24, 6:16, 7:5, 7:14, 7:24, 8:11, 8:13, 11:24, 15:22, 17:3, 17:22, 18:1, 19:10, 19:15, 20:12, 21:3, 21:6, 22:2, 22:22
**CEDAR** [1] - 1:2
**Cedar** [3] - 1:10, 1:15, 1:18
**certain** [1] - 19:13
**certainly** [1] - 6:2
**CERTIFICATE** [1] - 25:22
**certify** [1] - 25:22
**challenge** [1] - 8:4
**chance** [1] - 21:23
**change** [2] - 2:9, 22:12
**charge** [9] - 2:17, 3:20, 4:3, 6:11, 14:23, 15:4, 15:17, 24:11, 24:13
**charged** [3] - 2:11, 9:19, 9:21
**charges** [6] - 2:12, 6:18, 7:16, 8:7, 8:23, 24:4
**CHATHAM** [7] - 1:13, 12:4, 14:24, 15:2, 20:24, 23:8, 25:15
**Chatham** [7] - 2:8, 11:25, 12:2, 14:22, 20:20, 23:5, 25:13

**chose** [1] - 9:3
**Christopher** [2] - 2:5, 4:11
**CHRISTOPHER** [2] - 1:6, 3:17
**Circuit** [1] - 22:5
**circumstance** [1] - 20:14
**circumstances** [1] - 18:11
**citizen** [1] - 18:24
**citizenship** [1] - 19:5
**City** [1] - 1:20
**collateral** [1] - 20:21
**college** [1] - 4:17
**commencement** [1] - 3:8
**commencing** [1] - 1:11
**Commission** [1] - 17:8
**commission** [1] - 17:11
**commit** [1] - 19:16
**committed** [1] - 16:18
**communications** [1] - 21:8
**community** [1] - 7:2
**competent** [2] - 6:5, 24:10
**complete** [1] - 21:5
**comply** [1] - 19:22
**conclude** [2] - 24:21, 25:19
**concluded** [1] - 25:21
**condition** [2] - 4:25, 5:11
**conditions** [3] - 19:14, 19:15, 19:19
**conduct** [2] - 19:11, 21:2
**confront** [2] - 8:2, 8:7
**confrontation** [1] - 7:24
**consent** [3] - 3:4, 3:9, 3:11
**consequences** [1] - 20:21
**consider** [2] - 17:13, 21:25
**considered** [1] - 15:17
**contained** [1] - 14:10
**continue** [1] - 6:18
**continues** [1] - 14:3
**controlled** [1] - 19:17
**conversations** [1] - 13:10
**convicted** [3] - 3:21, 10:20, 11:6
**conviction** [2] - 19:2, 19:6
**convictions** [5] - 16:17, 18:3, 18:8, 20:13, 20:16
**copy** [2] - 2:14, 12:16
**correct** [3] - 2:21, 14:11, 25:22
**corrected** [1] - 21:15
**count** [1] - 2:12
**Count** [6] - 2:20, 9:21, 16:2, 16:19, 24:3, 24:8
**County** [2] - 10:24, 11:10
**court** [10] - 3:1, 8:1, 9:18, 16:16, 18:21, 21:20, 22:10, 24:24, 25:3, 25:7
**COURT** [85] - 1:1, 2:4, 2:16, 2:19, 2:23, 3:7, 3:18, 3:25, 4:6, 4:13, 4:15, 4:18, 4:21,

4:24, 5:3, 5:6, 5:10, 5:13, 5:17, 5:20, 5:25, 6:7, 6:14, 6:22, 6:25, 7:13, 7:23, 8:10, 8:25, 9:10, 9:17, 10:11, 10:16, 11:2, 11:13, 11:19, 11:23, 12:9, 12:11, 12:16, 12:19, 13:1, 13:5, 13:9, 13:14, 13:18, 13:21, 13:25, 14:9, 14:13, 14:18, 14:22, 14:25, 15:3, 15:7, 15:10, 15:13, 15:16, 15:20, 16:14, 17:5, 18:7, 18:15, 18:24, 19:1, 19:8, 20:10, 20:20, 20:25, 22:4, 22:9, 22:16, 22:21, 22:24, 23:2, 23:5, 23:9, 23:18, 23:21, 23:24, 24:2, 24:7, 25:12, 25:16, 25:19

**Court** [9] - 1:10, 2:5, 2:25, 6:16, 10:23, 11:9, 22:5, 23:2, 23:6

**courthouse** [1] - 8:19
**Courthouse** [1] - 1:10
**covered** [2] - 15:22, 23:9
**CR20-0100-CJW** [1] - 1:5
**credit** [2] - 18:17, 20:2
**crime** [6] - 2:12, 10:20, 11:6, 17:12, 19:17, 24:4
**crimes** [1] - 3:20
**criminal** [3] - 8:11, 16:9, 16:11
**Cross** [22] - 2:9, 2:17, 3:10, 6:1, 6:4, 6:16, 6:23, 7:3, 11:25, 12:9, 13:2, 13:10, 13:12, 13:18, 15:3, 15:24, 16:12, 17:24, 21:7, 21:12, 22:21, 25:16
**cross** [2] - 7:2, 8:5
**CROSS** [12] - 1:16, 6:6, 12:10, 15:6, 15:9, 15:12, 15:15, 15:19, 22:23, 23:1, 23:4, 25:18
**cross-examine** [1] - 8:5
**cross-section** [1] - 7:2
**CRR** [2] - 1:19, 25:24
**CUNGTION** [2] - 1:6, 3:17
**Cungtion** [21] - 2:6, 2:11, 3:10, 3:11, 4:11, 4:13, 6:5, 6:7, 8:21, 9:10, 12:16, 14:1, 15:4, 15:20, 17:21, 19:21, 20:25, 22:9, 23:9, 25:7, 25:17
**Cungtion's** [2] - 15:14, 20:22
**custody** [1] - 18:16

## D

**DAN** [1] - 1:13
**Dan** [1] - 2:7

**dangerous** [2] - 10:22, 11:8
**date** [1] - 25:8
**Date** [1] - 25:24
**dated** [1] - 12:23
**days** [2] - 21:5, 25:1
**decision** [3] - 23:24, 23:25, 24:16
**defendant** [4] - 2:8, 24:8, 24:10, 24:21
**Defendant** [2] - 1:7, 1:16
**DEFENDANT** [65] - 2:15, 2:18, 2:22, 3:6, 3:17, 3:24, 4:5, 4:11, 4:14, 4:17, 4:20, 4:23, 5:2, 5:5, 5:9, 5:12, 5:16, 5:19, 5:24, 6:13, 6:21, 6:24, 7:12, 7:22, 8:9, 8:24, 9:9, 9:16, 10:10, 10:15, 11:1, 11:12, 11:18, 11:22, 12:18, 12:25, 13:4, 13:8, 13:13, 13:17, 13:20, 13:24, 14:8, 14:12, 14:17, 14:21, 16:13, 17:4, 18:6, 18:14, 18:23, 18:25, 19:7, 20:5, 20:19, 22:3, 22:8, 22:15, 22:20, 23:17, 23:20, 23:23, 24:1, 24:6, 25:11
**defendant's** [3] - 24:16, 24:25, 25:4
**Defender** [1] - 1:16
**defense** [4] - 8:11, 8:15, 8:23, 15:16
**deliberated** [1] - 9:13
**depart** [1] - 17:16
**departs** [1] - 18:10
**depression** [2] - 4:22, 4:23
**describe** [1] - 14:23
**detail** [3] - 2:17, 13:2, 16:11
**detained** [1] - 25:9
**determine** [1] - 21:17
**determining** [2] - 17:14, 21:25
**different** [3] - 16:19, 17:22, 17:24
**difficulty** [2] - 4:18, 5:18
**digital** [2] - 1:19, 25:23
**directly** [1] - 21:23
**discovery** [1] - 15:11
**discuss** [6] - 2:17, 6:3, 9:6, 9:11, 16:11, 20:22
**discussed** [3] - 15:17, 15:24, 25:10
**discussing** [2] - 15:23, 18:4
**district** [5] - 3:1, 9:18, 22:10, 24:24, 25:3
**DISTRICT** [2] - 1:1, 1:1
**District** [7] - 1:10, 2:25, 10:6, 10:12, 10:23, 11:9
**DIVISION** [1] - 1:1
**doubt** [2] - 7:18, 9:23
**downward** [1] - 17:17

**draft** [2] - 21:4, 21:11
**drug** [2] - 5:6, 16:18
**drugs** [2] - 5:3, 5:11
**during** [6] - 3:12, 6:15, 11:15, 11:20, 19:11, 21:6

## E

**early** [1] - 18:20
**earn** [2] - 18:17, 18:18
**Eighth** [1] - 22:5
**elements** [2] - 14:23, 15:4
**English** [1] - 4:19
**enter** [2] - 4:9, 6:5
**entered** [1] - 11:23
**entering** [1] - 25:5
**entirety** [1] - 13:2
**entitled** [1] - 25:23
**errors** [1] - 21:13
**ESQ** [2] - 1:13, 1:16
**established** [2] - 14:25, 15:7
**estimated** [1] - 17:24
**evidence** [6] - 7:6, 7:17, 8:14, 8:17, 12:2, 21:22
**examine** [1] - 8:5
**example** [1] - 8:16
**exceeding** [2] - 10:21, 11:7
**Exhibit** [4] - 12:1, 12:7, 12:11, 12:14
**exhibits** [1] - 8:16
**expense** [1] - 6:19
**expenses** [1] - 8:20
**explanation** [2] - 20:6, 20:18

## F

**facing** [3] - 16:1, 18:4, 20:14
**fact** [5] - 7:18, 9:7, 9:19, 9:25, 14:13
**factors** [1] - 17:18
**Facts** [1] - 14:3
**factual** [4] - 15:1, 15:8, 15:14, 24:11
**fairly** [1] - 7:5
**false** [3] - 3:19, 3:21, 4:2
**far** [1] - 4:15
**FECR016068** [2] - 10:24, 11:10
**federal** [3] - 17:6, 18:21, 19:16
**Federal** [2] - 1:10, 1:16
**felon** [3] - 2:13, 9:21, 24:5
**felony** [3] - 16:17, 19:1, 19:5
**few** [1] - 4:6
**fight** [1] - 6:18
**file** [2] - 24:23, 25:2

**filing** [1] - 25:1
**final** [1] - 21:20
**finally** [3] - 8:25, 16:6, 16:25
**fine** [2] - 16:5, 16:24
**fined** [1] - 3:23
**firearm** [12] - 2:13, 9:21, 10:7, 10:13, 10:18, 11:3, 11:4, 11:14, 11:19, 24:4
**firearms** [1] - 19:4
**first** [8] - 4:6, 6:9, 10:1, 10:4, 10:8, 16:3, 16:22, 20:6
**five** [4] - 19:10, 20:9, 20:10, 20:16
**follow** [1] - 22:2
**following** [3] - 2:1, 16:3, 16:21
**FOR** [1] - 1:1
**force** [1] - 24:18
**forced** [3] - 22:16, 23:14, 23:21
**foregoing** [1] - 25:22
**forgotten** [1] - 21:9
**form** [1] - 11:24
**formally** [1] - 24:2
**forward** [1] - 6:10
**front** [1] - 12:17
**full** [4] - 2:16, 4:10, 15:10, 16:10
**fully** [1] - 24:10

## G

**generally** [1] - 6:22
**given** [2] - 7:6, 21:23
**government** [17] - 3:19, 4:2, 7:17, 7:25, 8:12, 8:19, 9:22, 10:4, 10:8, 10:16, 10:25, 11:13, 11:17, 13:23, 21:22, 22:4, 24:19
**Government** [2] - 12:7, 12:14
**government's** [2] - 8:3, 15:11
**Government's** [2] - 12:1, 12:11
**guess** [1] - 14:1
**guideline** [3] - 17:9, 17:17, 18:9
**guidelines** [4] - 17:7, 17:18, 17:23, 18:10
**guilt** [1] - 7:18
**guilty** [38] - 2:20, 3:2, 4:9, 6:5, 6:9, 6:10, 7:21, 8:6, 8:21, 9:11, 9:12, 9:14, 9:18, 9:19, 9:20, 15:1, 15:14, 20:22, 20:25, 22:2, 22:9, 22:10, 22:11, 22:17, 22:18, 22:21, 23:14, 23:22, 23:24, 24:5, 24:6, 24:8, 24:17,

24:22, 24:25, 25:4

## H

**hand** [1] - 3:15
**health** [1] - 4:24
**hearing** [8] - 3:3, 3:5, 3:8, 3:12, 21:21, 25:20
**heavily** [1] - 21:16
**held** [1] - 1:9
**help** [1] - 6:15
**hereby** [1] - 25:5
**Hi** [2] - 10:7, 10:13
**Hi-Point** [2] - 10:7, 10:13
**history** [2] - 16:9, 16:11
**hold** [1] - 19:3
**Honor** [54] - 2:15, 2:18, 2:22, 3:6, 3:24, 4:20, 5:9, 5:12, 5:24, 6:6, 6:13, 6:21, 6:24, 8:9, 8:24, 10:10, 10:15, 11:1, 11:18, 12:4, 12:10, 12:18, 12:25, 13:24, 14:8, 14:12, 14:24, 15:2, 15:6, 15:9, 15:12, 15:15, 15:19, 16:13, 18:6, 18:14, 19:7, 20:5, 20:19, 20:24, 22:3, 22:8, 22:15, 22:20, 22:23, 23:1, 23:4, 23:8, 23:17, 23:23, 24:1, 25:11, 25:15, 25:18
**Honorable** [1] - 1:9
**hurry** [1] - 5:25

## I

**IA** [3] - 1:15, 1:18, 1:20
**idea** [1] - 16:15
**illegal** [1] - 5:3
**illness** [1] - 4:22
**important** [6] - 3:25, 5:20, 17:20, 19:20, 21:12, 21:25
**impose** [2] - 19:13, 19:19
**imposed** [4] - 17:3, 17:21, 22:13, 24:13
**imprisonment** [8] - 3:23, 10:21, 11:7, 16:4, 16:20, 16:23, 18:2, 18:4
**IN** [1] - 1:1
**indicate** [3] - 13:6, 14:10, 14:19
**indictment** [8] - 2:11, 2:14, 2:20, 9:20, 9:22, 16:2, 24:3, 24:9
**information** [2] - 14:10, 23:10
**initials** [6] - 14:5, 14:6, 14:9, 14:15, 14:18
**injury** [4] - 10:22, 10:23, 11:8, 11:9
**innocence** [3] - 7:14, 7:16,

7:20
**innocent** [1] - 7:15
**insignificant** [1] - 20:8
**instruct** [1] - 9:5
**intend** [3] - 2:19, 13:5, 14:10
**interest** [1] - 21:18
**interfere** [2] - 4:25, 5:14
**intimidation** [2] - 10:22, 11:8
**investigation** [4] - 21:2, 21:3, 21:4, 25:6
**IOWA** [1] - 1:1
**Iowa** [6] - 1:10, 1:11, 10:6, 10:12, 10:23, 11:9
**issued** [1] - 17:7

## J

**jobs** [1] - 20:11
**JR** [1] - 1:6
**judge** [28] - 2:24, 2:25, 3:1, 3:9, 7:7, 7:15, 7:19, 9:5, 9:18, 17:6, 17:11, 17:13, 17:14, 17:15, 17:22, 18:10, 18:11, 19:13, 19:18, 19:24, 20:1, 21:16, 21:23, 21:24, 22:10, 22:13, 24:24, 25:3
**Judge** [1] - 1:9
**Junior** [2] - 2:6, 4:12
**jurors** [2] - 7:4, 9:5
**jury** [12] - 6:11, 7:1, 7:4, 7:8, 7:9, 7:11, 7:15, 7:19, 9:5, 9:13, 19:3, 24:14

## K

**kind** [1] - 20:11
**knowing** [1] - 24:17
**knowingly** [4] - 3:19, 4:9, 10:6, 10:13
**knows** [2] - 24:12, 24:14

## L

**language** [1] - 4:19
**last** [1] - 12:20
**law** [1] - 7:6
**lawyer** [1] - 6:15
**Lee** [2] - 2:6, 4:11
**LEE** [1] - 1:6
**legal** [1] - 22:24
**less** [1] - 17:16
**letter** [1] - 11:25
**lie** [2] - 3:19, 4:1
**life** [2] - 16:22, 18:4
**likely** [1] - 19:18
**line** [4] - 11:15, 11:20, 12:22
**listed** [1] - 17:18

**listening** [1] - 20:17
**local** [1] - 19:16
**lose** [1] - 19:2
**loss** [1] - 19:4
**luck** [1] - 25:12

## M

**magistrate** [2] - 2:24, 3:9
**Magistrate** [1] - 1:9
**mandatory** [4] - 16:6, 16:20, 16:24, 18:12
**Mark** [1] - 1:9
**marked** [1] - 12:1
**materials** [1] - 15:11
**matter** [4] - 2:4, 2:9, 25:8, 25:23
**maximum** [6] - 16:3, 16:22, 17:2, 18:1, 24:12
**means** [3] - 7:9, 7:14, 7:24
**meant** [1] - 4:7
**meantime** [1] - 25:9
**medication** [2] - 5:10, 5:13
**mental** [4] - 4:8, 4:22, 4:24, 5:11
**mentioned** [2] - 19:8, 25:7
**might** [7] - 5:7, 5:18, 17:25, 18:17, 20:3, 21:6, 21:14
**mind** [1] - 22:12
**minimum** [4] - 16:20, 17:2, 18:13, 24:12
**model** [2] - 10:7, 10:13
**moment** [1] - 23:11
**monitored** [1] - 19:12
**month** [1] - 23:12
**months** [1] - 17:10
**morning** [2] - 2:20, 23:10
**most** [1] - 21:17
**MR** [17] - 6:6, 12:4, 12:10, 14:24, 15:2, 15:6, 15:9, 15:12, 15:15, 15:19, 20:24, 22:23, 23:1, 23:4, 23:8, 25:15, 25:18

## N

**name** [2] - 4:10, 12:21
**need** [6] - 2:23, 3:12, 4:7, 6:7, 9:18, 15:20
**never** [1] - 8:12
**next** [5] - 14:4, 14:5, 23:12
**nobody** [1] - 9:2
**NORTHERN** [1] - 1:1
**Northern** [3] - 1:10, 10:6, 10:12
**notice** [1] - 21:14
**Number** [3] - 2:6, 10:24, 11:10

## O

**oath** [4] - 3:14, 3:16, 3:18, 7:5
**objection** [2] - 12:9, 25:2
**objections** [1] - 25:2
**occasions** [1] - 16:18
**OF** [3] - 1:1, 1:3, 1:6
**offense** [2] - 16:18, 19:1
**offenses** [2] - 3:22, 4:4
**offer** [2] - 8:16, 12:4
**offered** [2] - 12:2, 12:7
**office** [3] - 19:3, 21:9, 21:15
**officer** [2] - 19:12, 21:2
**old** [2] - 4:13, 4:14
**omissions** [1] - 21:13
**omitted** [2] - 23:3, 23:6
**one** [7] - 2:12, 3:21, 10:1, 10:21, 11:7, 16:19, 20:11
**open** [1] - 7:25
**opportunity** [2] - 2:16, 16:10
**order** [3] - 21:1, 25:5
**otherwise** [1] - 20:1
**overcome** [1] - 7:17
**OWEN** [1] - 1:16

## P

**page** [4] - 12:20, 14:1, 14:4
**paragraph** [1] - 14:3
**paragraphs** [4] - 14:4, 14:5, 14:11, 14:20
**parole** [6] - 16:4, 16:21, 16:23, 18:2, 18:20, 18:21
**paroled** [1] - 18:20
**parties** [2] - 11:23, 25:1
**pay** [1] - 8:19
**penalties** [6] - 15:21, 16:3, 16:8, 16:15, 16:22, 17:2
**people** [3] - 7:1, 7:3, 7:9
**percentage** [1] - 18:19
**perform** [1] - 17:6
**period** [2] - 3:22, 21:6
**perjury** [1] - 3:20
**person** [1] - 2:8
**physical** [1] - 5:11
**pistol** [2] - 10:7, 10:14
**place** [1] - 14:18
**placed** [1] - 19:9
**places** [2] - 14:7, 14:16
**placing** [1] - 14:9
**Plaintiff** [1] - 1:4, 1:13
**play** [1] - 16:16
**plea** [33] - 2:10, 3:2, 4:9, 6:5, 9:12, 9:18, 11:24, 12:20, 13:1, 13:7, 13:12, 13:22, 14:1, 14:13, 15:1, 15:8, 15:14, 15:22, 20:22, 22:2,

22:10, 22:11, 22:19, 22:22, 22:25, 23:3, 23:7, 24:12, 24:19, 24:22, 24:25, 25:4, 25:21
  **PLEA** [1] - 1:6
  **Plea** [1] - 1:9
  **plead** [15] - 2:20, 6:9, 6:10, 8:6, 8:21, 9:11, 20:25, 22:9, 22:17, 22:18, 23:14, 23:22, 23:24, 24:3, 24:17
  **pleaded** [1] - 24:8
  **plenty** [2] - 13:11, 13:15
  **point** [4] - 3:14, 6:7, 15:20, 21:13
  **Point** [2] - 10:7, 10:13
  **possess** [2] - 19:3, 19:17
  **possessed** [5] - 10:6, 10:13, 10:17, 11:2, 11:3
  **possessing** [2] - 10:18, 11:4
  **possession** [5] - 2:13, 9:21, 11:16, 11:21, 24:4
  **possibility** [4] - 16:4, 16:21, 16:23, 18:2
  **possible** [1] - 15:16
  **predicted** [1] - 17:25
  **prefer** [1] - 6:11
  **prepared** [1] - 2:1
  **prescription** [1] - 5:11
  **present** [4] - 8:10, 8:15, 8:22, 21:22
  **presentence** [3] - 21:1, 21:4, 25:6
  **preside** [4] - 3:2, 3:4, 3:11
  **pressure** [1] - 24:18
  **pressured** [3] - 22:16, 23:14, 23:21
  **presumed** [1] - 7:15
  **presumption** [3] - 7:13, 7:16, 7:19
  **previous** [5] - 16:17, 18:3, 18:7, 20:13, 20:16
  **previously** [4] - 10:19, 10:20, 11:5, 11:6
  **prison** [5] - 18:16, 18:18, 18:21, 19:9, 19:25
  **privately** [1] - 6:3
  **probation** [4] - 19:12, 21:2, 21:9, 21:15
  **procedures** [1] - 22:1
  **proceed** [1] - 3:9
  **proceeding** [1] - 3:2
  **proceedings** [5] - 5:1, 5:8, 5:14, 5:18, 25:23
  **produce** [1] - 8:14
  **produced** [1] - 7:17
  **prohibited** [2] - 10:18, 11:4
  **promises** [3] - 22:18, 24:18, 24:19
  **proof** [1] - 8:12

  **prosecutor** [1] - 9:4
  **prove** [7] - 9:22, 10:5, 10:9, 10:17, 10:25, 11:14, 11:17
  **proved** [1] - 7:18
  **provided** [2] - 3:8, 6:23
  **pry** [1] - 4:7
  **public** [2] - 7:1, 19:3
  **punishable** [4] - 10:20, 11:6, 16:2, 16:19
  **punishments** [1] - 24:13
  **purposes** [1] - 15:25
  **put** [1] - 21:10

## Q

  **questions** [11] - 3:13, 4:1, 4:6, 13:15, 13:19, 13:22, 22:1, 22:6, 23:18, 25:10
  **quiet** [1] - 21:6

## R

  **raise** [1] - 3:15
  **range** [6] - 17:9, 17:10, 17:13, 17:15, 17:17, 18:9
  **RAPIDS** [1] - 1:2
  **Rapids** [3] - 1:11, 1:15, 1:18
  **RDR** [2] - 1:19, 25:24
  **reached** [1] - 13:23
  **read** [5] - 9:25, 10:1, 10:2, 13:6, 14:19
  **reading** [1] - 4:18
  **reason** [4] - 5:17, 6:4, 20:11, 22:24
  **reasonable** [2] - 7:18, 9:23
  **reasons** [1] - 21:7
  **receive** [3] - 17:25, 18:16, 21:11
  **received** [1] - 2:13
  **recommend** [1] - 9:17
  **recommendation** [2] - 24:23, 25:4
  **recommending** [1] - 24:24
  **record** [4] - 3:7, 15:25, 24:2, 24:7
  **recording** [3] - 1:19, 2:2, 25:23
  **reduced** [1] - 18:17
  **reflect** [2] - 3:7, 24:7
  **regarding** [1] - 22:6
  **regardless** [1] - 18:9
  **reiteration** [1] - 20:8
  **release** [11] - 16:7, 17:1, 19:10, 19:14, 19:21, 19:23, 19:24, 20:1, 20:3, 20:6, 20:15
  **rely** [1] - 21:16
  **remain** [2] - 9:1, 25:9
  **report** [5] - 21:4, 21:11,

21:17, 24:23, 25:2
  **report's** [1] - 21:20
  **reports** [1] - 21:10
  **represent** [3] - 6:15, 6:17, 6:18
  **represented** [1] - 2:7
  **result** [4] - 17:9, 19:2, 20:21, 24:17
  **resulting** [2] - 10:23, 11:9
  **returned** [1] - 9:14
  **review** [1] - 13:1
  **revoke** [1] - 19:24
  **rights** [5] - 6:8, 19:5, 22:7, 24:14, 24:15
  **Roberts** [1] - 1:9
  **role** [1] - 7:3

## S

  **s/Shelly** [1] - 25:24
  **Sam** [1] - 2:9
  **SAMUEL** [1] - 1:16
  **satisfaction** [1] - 13:19
  **satisfied** [2] - 6:22, 9:19
  **scenarios** [1] - 20:12
  **schedule** [2] - 21:20, 25:8
  **school** [1] - 4:16
  **seal** [2] - 12:5, 12:12
  **seated** [1] - 2:4
  **second** [5] - 10:16, 10:25, 16:5, 16:23, 20:8
  **section** [2] - 7:2, 14:2
  **see** [8] - 8:1, 8:2, 12:21, 12:22, 14:2, 14:5, 14:14
  **seeing** [1] - 18:20
  **selected** [1] - 7:2
  **selecting** [1] - 7:3
  **Semmler** [3] - 1:19, 25:24, 25:24
  **send** [1] - 19:24
  **sentence** [13] - 16:20, 17:12, 17:14, 17:15, 17:21, 18:11, 18:16, 18:19, 19:9, 21:18, 21:25, 22:5, 22:13
  **sentenced** [1] - 3:22
  **sentencing** [11] - 17:5, 17:7, 17:11, 17:19, 19:13, 19:18, 21:16, 21:21, 22:1, 25:8
  **Sentencing** [1] - 17:8
  **September** [2] - 10:5, 10:12
  **serious** [2] - 16:15, 16:18
  **serve** [2] - 7:4, 19:3
  **served** [3] - 8:18, 19:9, 20:3
  **services** [1] - 6:23
  **Seventh** [2] - 1:10, 1:14
  **severe** [1] - 16:8
  **Shelly** [2] - 1:19, 25:24
  **shift** [1] - 8:13

  **sign** [1] - 24:23
  **signature** [4] - 12:22, 12:23, 12:24
  **signed** [4] - 3:10, 13:3, 13:12, 13:16
  **signing** [1] - 13:5
  **silent** [1] - 9:1
  **simply** [1] - 25:4
  **Sioux** [1] - 1:20
  **sit** [1] - 13:21
  **Sixth** [1] - 1:19
  **someone** [1] - 12:21
  **sorry** [1] - 11:3
  **sort** [1] - 21:6
  **Southeast** [3] - 1:10, 1:14, 1:17
  **special** [2] - 16:6, 16:24
  **specifically** [2] - 10:21, 11:7
  **speedy** [1] - 7:1
  **stage** [1] - 6:15
  **standard** [1] - 19:15
  **state** [5] - 4:8, 4:10, 11:15, 11:20, 19:16
  **statement** [4] - 3:19, 3:21, 4:2, 4:3
  **STATES** [2] - 1:1, 1:3
  **States** [10] - 1:9, 1:14, 2:5, 2:6, 2:7, 2:24, 2:25, 17:8, 19:12, 25:14
  **statutes** [1] - 17:19
  **statutory** [2] - 18:1, 18:12
  **Stipulation** [1] - 14:2
  **stop** [2] - 5:23, 6:1
  **Street** [1] - 1:19
  **subpoenas** [1] - 8:18
  **substance** [1] - 13:10
  **substances** [1] - 19:18
  **suffered** [1] - 4:21
  **suggest** [1] - 17:23
  **suggests** [1] - 17:11
  **Suite** [1] - 1:17
  **summary** [1] - 9:10
  **supervised** [11] - 16:7, 16:25, 19:10, 19:14, 19:21, 19:23, 19:24, 20:1, 20:3, 20:6, 20:15
  **support** [1] - 15:13
  **swear** [1] - 7:4
  **SWORN** [1] - 3:17
  **system** [1] - 18:22

## T

  **TAKING** [1] - 1:6
  **Tama** [2] - 10:24, 11:10
  **term** [5] - 10:21, 11:7, 16:7, 16:25, 19:9
  **terms** [3] - 13:7, 14:20,

*Contact Shelly Semmler at 712-233-3841 or ssemmlerreporting@gmail.com*
*Commercial copying prohibited*
Case 1:20-cr-00100-CJW-MAR   Document 65   Filed 04/07/22   Page 29 of 30

19:22
  **testify** [5] - 9:1, 9:2, 9:3, 9:7
  **testimony** [1] - 8:4
  **THE** [150] - 1:1, 1:1, 2:4, 2:15, 2:16, 2:18, 2:19, 2:22, 2:23, 3:6, 3:7, 3:18, 3:24, 3:25, 4:5, 4:6, 4:11, 4:13, 4:14, 4:15, 4:17, 4:18, 4:20, 4:21, 4:23, 4:24, 5:2, 5:3, 5:5, 5:6, 5:9, 5:10, 5:12, 5:13, 5:16, 5:17, 5:19, 5:20, 5:24, 5:25, 6:7, 6:13, 6:14, 6:21, 6:22, 6:24, 6:25, 7:12, 7:13, 7:22, 7:23, 8:9, 8:10, 8:24, 8:25, 9:9, 9:10, 9:16, 9:17, 10:10, 10:11, 10:15, 10:16, 11:1, 11:2, 11:12, 11:13, 11:18, 11:19, 11:22, 11:23, 12:9, 12:11, 12:16, 12:18, 12:19, 12:25, 13:1, 13:4, 13:5, 13:8, 13:9, 13:13, 13:14, 13:17, 13:18, 13:20, 13:21, 13:24, 13:25, 14:8, 14:9, 14:12, 14:13, 14:17, 14:18, 14:21, 14:22, 14:25, 15:3, 15:7, 15:10, 15:13, 15:16, 15:20, 16:13, 16:14, 17:4, 17:5, 18:6, 18:7, 18:14, 18:15, 18:23, 18:24, 18:25, 19:1, 19:7, 19:8, 20:5, 20:10, 20:19, 20:20, 20:25, 22:3, 22:4, 22:8, 22:9, 22:15, 22:16, 22:20, 22:21, 22:24, 23:2, 23:5, 23:9, 23:17, 23:18, 23:20, 23:21, 23:23, 23:24, 24:1, 24:2, 24:6, 24:7, 25:11, 25:12, 25:16, 25:19
  **themselves** [1] - 9:7
  **therefore** [1] - 24:21
  **third** [4] - 11:13, 11:16, 16:5, 16:24
  **Third** [1] - 1:17
  **thorough** [1] - 21:3
  **threatened** [1] - 22:17
  **threats** [1] - 24:18
  **three** [6] - 9:23, 9:24, 20:7, 20:13, 20:14, 20:15
  **throughout** [1] - 14:13
  **today** [17] - 3:3, 3:12, 4:2, 4:8, 5:1, 5:8, 5:15, 5:21, 6:9, 6:10, 8:6, 8:22, 9:11, 13:21, 16:10, 21:1, 25:10
  **together** [1] - 21:10
  **top** [1] - 12:22
  **touch** [1] - 16:16
  **touched** [1] - 16:10
  **Transcribed** [1] - 1:19
  **TRANSCRIPT** [1] - 1:6
  **transcript** [2] - 2:1, 25:23
  **transported** [1] - 11:14,

11:20
  **trial** [13] - 6:11, 6:17, 6:19, 7:1, 7:6, 7:11, 7:14, 7:19, 7:24, 8:13, 9:1, 9:11, 9:13
  **true** [6] - 10:3, 10:11, 11:2, 11:11, 11:19, 14:11
  **truthfully** [1] - 4:1
  **try** [1] - 7:5
  **trying** [1] - 21:17
  **turn** [2] - 12:19, 13:25
  **twice** [1] - 10:1
  **two** [2] - 6:3, 16:14
  **typed** [1] - 12:21

## U

  **U.S** [1] - 18:24
  **ultimately** [2] - 17:21, 22:13
  **unanimous** [1] - 7:8
  **under** [8] - 3:14, 3:18, 7:5, 12:5, 12:12, 17:6, 18:11, 20:14
  **understood** [4] - 13:6, 14:19, 20:7, 23:11
  **unhappy** [1] - 22:12
  **UNITED** [2] - 1:1, 1:3
  **United** [10] - 1:9, 1:14, 2:5, 2:6, 2:7, 2:24, 2:25, 17:7, 19:12, 25:14
  **up** [7] - 6:2, 6:9, 8:7, 8:22, 18:1, 19:10, 20:16
  **upward** [1] - 17:16

## V

  **validity** [2] - 23:3, 23:7
  **varies** [1] - 18:10
  **verdict** [4] - 7:8, 7:10, 9:8, 9:14
  **versus** [1] - 2:5
  **violate** [1] - 19:23
  **violations** [1] - 20:4
  **violent** [1] - 16:17
  **visit** [1] - 6:1
  **voluntarily** [2] - 4:8, 24:14
  **voluntary** [4] - 3:3, 22:22, 23:25, 24:17
  **vote** [1] - 19:2
  **vs** [1] - 1:5

## W

  **waived** [1] - 24:14
  **weapon** [2] - 10:22, 11:8
  **week** [1] - 23:12
  **whatsoever** [1] - 13:22
  **willful** [2] - 10:22, 11:8
  **withdraw** [1] - 22:11
  **witnesses** [7] - 7:25, 8:1, 8:3, 8:7, 8:16, 8:18

  **worry** [1] - 21:8
  **worst** [1] - 20:12
  **worst-case** [1] - 20:12
  **written** [2] - 3:8, 25:5

## Y

  **year** [4] - 10:21, 11:7, 12:23, 23:12
  **years** [9] - 4:14, 16:7, 17:1, 18:12, 19:11, 20:7, 20:10, 20:14, 20:16
  **years'** [3] - 16:4, 16:20, 18:2